**Mike MONCRIEF, County Judge, et al.**

v.

**Marshall TATE et al.**

No. 18101.

Court of Civil Appeals of Texas, Fort Worth.

May 24, 1979.

Rehearing Denied June 14, 1979.*

Tim C. Curry, Criminal Dist. Atty., Tarrant County, Marvin Collins and Joe C. Lockhart, Asst. Dist. Attys., Fort Worth, for appellants.

Steves & Morgan, and James Henley Morgan, Fort Worth, for appellees.

* Sept. 19, 1979 Ordered Published by the Supreme Court of Texas.

## OPINION

HUGHES, Justice.

We have before us for the second time an appeal from the judgment of the trial court that held certain civil service employees of Tarrant County (janitor-custodians) must be reinstated in their civil service positions. The former appeal was dismissed because it was based on an interlocutory judgment. In that judgment there was an unresolved matter of the amount in mitigation to be applied to the employees' back pay allowance, which required presentation of more evidence to the trial court. The matter is now back before us after further trial proceedings culminating in a final judgment.

We affirm.

We here refer to the detailed factual statement already published in the concurring opinion of Chief Justice Massey in the previous publication of this case. *Moncrief v. Tate*, 561 S.W.2d 941, 943–946 (Tex.Civ. App.—Fort Worth 1978, no writ).

We will refer to the appellants as "county" and the appellees as "custodians".

The county's first two points of error concern "good faith" and its application to the fact of the county having abolished its janitorial civil service positions and substituting a private firm to do the same work by contract. The supreme court has held, in a case very similar to this one, that the burden is on the state agency in this type of case to prove its good faith. *City of San Antonio v. Wallace*, 161 Tex. 41, 338 S.W.2d 153, 157 (Tex.1960). Here we are concerned with the recitation in *San Antonio* that "there were no pleadings which suggested that the questioned ordinance was adopted in the interest of either economy or increased efficiency, . . . ."

■ This case, unlike *San Antonio*, had testimony showing that county's action was motivated by economy. Proof was that, by reason of studies made before the complained of action, the commissioners' court believed that thousands of dollars could be saved by using an independent contractor instead of the civil service custodians. Trial court could have disbelieved such evidence.

We conclude, however, that trial court believed the commissioners to be properly motivated even though their actions did not conform to Tex.Rev.Civ.Stat.Ann. art. 2372h–6 (1971) and Rule VII of the Tarrant County Civil Service Commission.

Certain factors have been considered as good faith in some cases where civil service positions were abolished. They include: a city not being able to pay its financial obligations for several years; no rank similar to chief of police was created where same was abolished; where members of a police force were dismissed for economy and no one was appointed to take their places; where a new position was created to replace an old one and the new duties were separate and distinct from the old position. 15A Am.Jur.2d *Civil Service* § 73 (1976), at 105.

It is unquestioned here that Tarrant County is in good financial condition and that Tarrant County could have continued its operation unabated, retaining its custodians.

■ Public policy in the matter of civil service laws is to place employees on a merit system and free from political control. In litigation the court must scrutinize attempts at circumvention. *City of San Antonio v. Wallace, supra* ; *City of Wichita Falls v. Harris*, 532 S.W.2d 653 (Tex.Civ. App.—Fort Worth 1975, writ ref'd n. r. e.).

Considering the facts in this case, we must pass upon the question of whether the trial judge abused his discretion in refusing to find "good faith" as that term has been defined in cases of this type. We hold that discretion was not abused. The effecting of a potential saving by use of an independent contractor is not compelled and it would, if approved, lead to a breakdown in civil service job security generally, particularly where, as here, there had been a previous attempt to abolish civil service. This would be in contravention of public policy.

We overrule the first and second points of error.

County contends that trial court should not have assumed jurisdiction in this case

under Tex.Rev.Civ.Stat.Ann. art. 2372h–6 (1971), because the administrative process does not apply to a layoff due to abolition of positions. (Article 2372h–6 provides for civil service systems in counties of 200,000 or more.)

We hold that the Rules of the Civil Service Commission apply to all "removals" of persons in the Tarrant County classified service. In such "removals" county must comply with Rule VII of the Civil Service Commission and the statutes of Texas. There was no termination of civil service status of custodians here and the abolition of their jobs must not violate the civil service rules. 15A Am.Jur.2d *Civil Service* § 72 "Abolition of Office or Reduction of Working Force; Reorganization-Generally", (1976), at 104.

It is apparent that the refusal of the commission to take jurisdiction of this matter on the ground that the question was one of law for the courts to decide amounted to a final decision as contemplated in Tex.Rev. Civ.Stat.Ann. art. 2372h–6 § 9(a) (1971), which provided for appeal to a district court. In any event, it is obvious that any other route of appeal would have to be to a district court where, as here, no other forum is specified. The district court, in Texas, having general original jurisdiction in cases where remedy or jurisdiction is not provided by law, could not have lacked jurisdiction. Tex.Rev.Civ.Stat.Ann. art. 1909 (1964); Tex.Const. art. 5, § 8 (1955).

We overrule the third and fourth points of error.

Affirmed.