Leo **MICHNA** et al., Appellants,

v.

The **CITY O.F HOUSTON** et al., Appellees.

No. 16428.

Court of Civil Appeals of Texas,
(Houston (1st Dist.).

March 20, 1975.

Rehearing Denied April 17, 1975.

Haynes & Fullenweider, Robert B. Wallis, Ray A. Bass, III, Houston, for appellants.

Jonathan Day, City Atty., Alan F. Levin, Senior Asst. City Atty., Houston, for appellees.

EVANS, Justice.

This mandamus action was brought by three police lieutenants, Leo Michna, Joe B. Bradley and Henry W. Kersten, to compel the City of Houston, the Chief of its police department and certain officers of the Civil Service Commission to promote and certify them to the position of police captain, retroactive to certain dates specified therein, and to recover the increased salaries which would have been due them had they been promoted on such dates. After nonjury trial, the court below entered take nothing judgment, finding that the plaintiffs' cause of action arose ninety days after the establishment of a civil service eligibility list on December 6, 1971 and that since their application was not filed until May 6, 1974 it was barred by the two year statute of limitations. We hold that appellants' action was not barred by limitation and reverse and remand for determination of the relief to be accorded appellants on their claim for lost wages.

Article 1269m, Vernon's Tex.Rev.Civ. Stat.Ann., the Firemen's & Policemen's Civil Service Law, provides for the classification of positions for firemen and policemen and for the filling of such positions upon examination and certification of eligibility. Section 8 of this statute provides, in part, that vacancies in positions "shall be filled by permanent appointment from eligibility lists furnished by the Commission within ninety (90) days after such vacancy occurs."

When a new position is created by duly enacted city ordinance, the position remains vacant so long as it is not filled and until it is abolished by action of the City Council. Duckett v. City of Houston, 495 S.W.2d 883 (Tex.1973). The person who is at the top of the current Civil Service eligibility list has the primary right to fill a vacant position, whether created by ordinance or resulting from some other cause. As provided by the statute a position is to be filled within ninety days after the vacancy occurs. Bostick v. Owens, 423 S.W.2d 471 (Tex.Civ.App.—Fort Worth 1968, writ ref'd n. r. e.).

By its ordinance effective November 14, 1970, the City Council authorized twenty-five positions of police captain, thereby increasing by five the number of positions previously authorized by ordinance. At that time there was in effect a Civil Service eligibility list which had been established on December 2, 1969. At the time of the expiration of that eligibility list on December 1, 1970, twenty-one persons had been appointed to fill the position of captain in the City's police department so that at that time there were four authorized positions which remained vacant. Under that eligibility list Lt. Kersten occupied the seventh position and would have been entitled to promotion ninety days after the establishment of the additional positions on November 14, 1970 but he did not assert his claim on the basis of that eligibility list.

A new eligibility list became effective on December 2, 1970, listing Lts. Michna and Kersten in fourth and fifth positions. During the effective period of this eligibility list, two additional vacancies occurred in the position of captain due to the retirement of two police captains and there were two promotions made to the position of captain. Accordingly upon the expiration of this eligibility list, there remained four vacant positions of captain.

The next eligibility list was established on December 6, 1971 and Lts. Michna, Bradley and Kersten occupied the sixth, seventh and eighth positions. During the effective period of this eligibility list, four additional vacancies occurred due to death, retirement and demotion, bringing the total number of vacant positions to eight. Of these eight vacant positions, five were filled by promotion to captain from the first five officers listed on the eligibility list. It is the contention of Lts. Michna, Bradley and Kersten that they were entitled to be promoted to the three remaining vacant positions since they held the sixth, seventh and eighth positions on the eligibility list.

The City's position is that the appellants' application for mandamus conclusively shows that their cause of action accrued more than two years before their application was filed since they allege they were entitled to promotion ninety days following the expiration of the eligibility list of December 2, 1970 and alternatively ninety days after the expiration of the eligibility list of December 6, 1971. In their application Lts. Michna, Bradley and Kersten allege the facts outlined above showing their entitlement to fill the vacant positions based on their eligibility under the December 6, 1971 eligibility list. The allegations contained in their application, together with the evidence adduced without objection upon trial, show that appellants' cause of action did not accrue on the date found by the trial court, but instead accrued some months later when a vacancy occurred which gave rise to Lt. Michna's right to promotion. The prayer in appellants' application was for combined relief, general and special, and the fact that they asked their promotions be made retroactively to dates earlier than authorized by the facts of the case does not require a holding that their cause of action accrued at such earlier time.

As previously stated, there were four vacancies existing at the time of the establishment of the December 6, 1971 eligibility list. In February, 1972 an additional vacancy was created upon the retirement of a police captain. The first five persons listed on the 1971 eligibility list were entitled

to fill these five vacant positions. The sixth vacancy occurred in May, 1972 upon promotion of a police captain. Lt. Michna, who occupied the sixth position on the list, was entitled to promotion within ninety days after this sixth vacancy occurred. In like manner Lts. Bradley and Kersten were entitled to promotion within ninety days after the occurrence of the seventh and eighth vacancies later that year.

The City contends that under the rationale of the Duckett and Bostick cases, a vacancy created under the November 14, 1970 ordinance should have been filled from the December 2, 1970 eligibility list and that since no appointments were made to fill such vacancies, there were no vacant positions remaining when that list expired. In effect the City argues that the only vacancies which could properly have been filled from the December 6, 1971 eligibility list were those "replacement vacancies which occurred by reason of a death, retirement or other such cause. We see no distinction between vacancies created by ordinance and those which occur through some other cause. A position created by ordinance remains vacant so long as it is not filled and until it is abolished by city council action. Duckett, 495 S.W.2d page 886. The general allegations of appellants' application and the evidence presented upon trial show that no cause of action existed on behalf of any of the appellants prior to the expiration of ninety days following May 27, 1972, the date when Lt. Michna first became entitled to promotion. The trial court therefore erred in holding that appellants' action was barred by the two year statute of limitations.

The City further contends that the trial court's judgment was proper since the three filled positions of captain were subsequently abolished by City Council's ordinance of July 31, 1973.

In Duckett the Texas Supreme Court held that the ordinance there in question did not authorize surplus positions to be filled at the discretion of a department head and that the Firemen's and Policemen's Civil Service Law did not vest in a department head the discretionary authority to abolish an authorized Civil Service position by merely failing to fill the position. Prior to the decision in the Duckett case it was the policy of the City of Houston to provide for growth and expansion by authorizing more positions in some classifications than were actually budgeted by the City Council or filled by promotion.

The month following the Duckett decision, the City Council enacted an ordinance effective July 31, 1973 which reduced among other classifications the number of captain's positions in the City's police department. The effect of this ordinance insofar as applicable here was to abolish the three unfilled captain's positions to which appellants seek to be promoted. The July 31, 1973 ordinance recited that the positions were not presently filled and were not needed for the orderly and efficient operation of the police department and that in order to promote efficiency, economy and the best interests of the police department such positions should be abolished. It further recited that no funds had been appropriated at the time of the authorization of such positions for the payment of salaries, that no funds were currently appropriated for such purposes and that prior to the Duckett decision it had been the assumption and judgment of the City Council that the filling of such positions by permanent appointment as needed was a discretionary matter left to the head of the department. There is no question as to the City Council's right to abolish these positions provided it acted in good faith and by duly enacted ordinance. City of Amarillo v. Hancock, 150 Tex. 231, 239 S.W.2d 788 (1951). The appellants' position is that the City had the burden of pleading and proof on the issue of good faith, citing, among other cases, City of San Antonio v. Wallace, 161 Tex. 41, 338 S.W.2d 153 (1960), and that it failed to show its good faith in enacting this ordinance. An examination of the record shows that the City specifically pleaded the valid enactment of the ordinance of July 31, 1973, and the evidence, which is unrebutted

by appellants, tends to establish the bona fide motive of the City Council. The obvious purpose of City Council was to bring the City's procedures in compliance with the Duckett decision, not only with respect to the positions of police captain but also with respect to other classifications. The recitals in the ordinance and the testimony presented upon the trial clearly reflect this purpose and no other motive is evidenced by the record. We hold that the three captain's positions which were vacant and unfilled at the time of the enactment of the ordinance of July 31, 1973 were effectively abolished upon its enactment.

We further hold that Lts. Michna, Bradley and Kersten are entitled to recover the additional salaries and other emoluments of the office of captain to which they would have been entitled had they been promoted to such positions upon the expiration of ninety days following the dates their respective vacancies occurred and until the date such positions were abolished by ordinance. The cause is remanded to the trial court for further determination on this aspect of the case.

Reversed and remanded.