Ruben MENDIOLA, Jr.; Juan C. Jalomo; and Xavier E. Villela, Appellants,

v.

The CITY OF LAREDO, Appellee.

No. 04–07–00279–CV.

Court of Appeals of Texas, San Antonio.

Sept. 12, 2007.

B. Craig Deats, Deats Durst Owen & Levy, P.L.L.C., Austin, for appellants.

Anthony C. McGettrick, Acting City Atty., Jerry Bruce Cain, Asst. City Atty., Laredo, for appellee.

Sitting: ALMA L. LÓPEZ, Chief Justice, SANDEE BRYAN MARION, Justice, PHYLIS J. SPEEDLIN, Justice.

## OPINION

Opinion by SANDEE BRYAN MARION, Justice.

The sole focus of the underlying lawsuit was whether the promotion of Hector E. Benavides to the rank of fire captain, done on October 25, 2005, but made effective on February 20, 2005, created as a matter of law a vacancy in the rank of fire driver on February 20, 2005. If the vacancy occurred as a matter of law on October 25, 2005, then the trial court properly rendered summary judgment dismissing appellants' claims. We hold the vacancy occurred as a matter of law on February 20, 2005; therefore, we reverse the summary judgment in favor of the City of Laredo. However, because the City may be immune from suit, we remand the cause for further proceedings.

## BACKGROUND

The fire captain position to which Benavides was promoted became vacant on November 21, 2004. Because a list of eligible candidates for the position did not exist on that date, the City of Laredo was required to fill the position by the ninetieth day, which was February 20, 2005. For various reasons explained below, Benavides was not promoted until October 25, 2005; however, his promotion was made retroactive to February 20, 2005. Benavides's promotion resulted in a sequence of "downstream" vacancies, which were ultimately filled or should have been filled by the promotions of appellants. Appellants assert the vacancies to which they were or should have been promoted track backwards in time to February 20, 2005. The City asserts the vacancies to which appellants were or should have been promoted track backwards in time to October 25, 2005.

Appellant, Ruben Mendiola, Jr. was the highest-ranking candidate for the position of fire driver, which was vacated by Benavides when he was promoted to fire captain. Mendiola asserts that if the vacancy in the driver position was created by Benavides's promotion on February 20, 2005, then Mendiola would have been promoted to driver by operation of law on the sixtieth day following the date of the vacancy, which would have been April 21, 2005. Mendiola was actually promoted on April 20, 2006. Appellant, Xavier E. Villela was the highest-ranking candidate for the position vacated by Mendiola, which was the assistant driver position. Villela asserts that if the vacancy in the assistant driver position was created by the promotion of Mendiola to driver on April 21, 2005, then Villela would have been promoted to assistant driver by operation of law on the sixtieth day following the date of the va-

cancy, which would have been June 20, 2005. Villela was not promoted to assistant driver until October 18, 2005, following another vacancy subsequent to the vacancy created by Mendiola's promotion. Appellants contend that if Villela had been promoted to assistant driver by operation of law on June 20, 2005, the subsequent promotion of October 18, 2005 would have gone to the next highest-ranked candidate, appellant Juan C. Jalomo.

Appellants filed suit against the City of Laredo arguing they were entitled to retroactive promotions and backpay. All parties moved for summary judgment, agreeing there were no issues of material fact, and agreeing the sole legal question before the court was whether appellants were entitled to retroactive promotions as a result of Benevides's promotion, which was retroactively effective on February 20, 2005. The trial court denied appellants' motion for summary judgment and granted the City's motion, dismissing appellants' suit with prejudice.

## RETROACTIVE PROMOTION AND BACK PAY

Promotions at the City of Laredo Fire Department are governed by Local Government Code chapter 143. Section 143.036 provides that a "vacancy in a fire fighter position ... occurs on the date the position is vacated by ... promotion...." TEX. LOC. GOV'T CODE ANN. § 143.036(a)(4) (Vernon Supp.2006). "If an eligibility list exists on the date a vacancy occurs, the department head shall fill the vacancy by permanent appointment from the eligibility list furnished by the commission within 60 days after the date the vacancy occurs."

*Id.* § 143.036(e).[1] The officer with the highest grade is promoted to the position unless the department head has a valid reason for not doing so. *Id.* § 143.036(f). "If an eligibility list does not exist, the department head shall fill the vacancy by permanent appointment from an eligibility list that the commission shall provide within 90 days after the date the vacancy occurs." *Id.* There is no dispute here that an eligibility list for the driver position existed on February 20, 2005 and that Mendiola was the highest-ranking candidate for promotion on that list. There is also no dispute that this list expired on March 22, 2005, and another was not created until March 20, 2006.[2] In its motion for summary judgment, the City argued that because the eligibility list for the driver position expired on March 22, 2005 and no other list existed that year, Mendiola was not eligible for promotion on October 25, 2005.

■■■■ To answer the question of when Mendiola was eligible for promotion, and by extension when Villela and Jalomo were eligible for their promotions, we must determine the last date by which the City could lawfully have promoted Benevides to the position of fire captain. Generally, a vacancy occurs when an existing position is vacated or a newly created position is established by ordinance. *City of San Antonio v. Edwards*, 974 S.W.2d 148, 151 (Tex. App.-San Antonio 1998, no pet.). When a promotion leaves a vacancy, we must look to the effective date of the promotion in order to determine the date of the vacancy. *Id.* "A promotion is considered effective as of the last date the city could have lawfully filled the vacancy; that is, sixty

---

1. The sixty-day deadline applies to all Texas municipalities through section 143.108(b) (for cities with populations of 1.5 million or more) and section 143.036(e) (for other municipalities).

2. Mendiola was also the highest-ranking candidate on the March 20, 2006 list when he was promoted on April 20, 2006.

days from the date the vacancy was created." *Lee v. Downey,* 842 S.W.2d 646, 649 (Tex.1992) (orig.proceeding); *Edwards,* 974 S.W.2d at 151; TEX. LOC. GOV'T.CODE ANN. § 143.036(e). Accordingly, when a city fails to fill a vacancy in compliance with the Local Government Code, the person who properly should have obtained the promotion is entitled to retroactive promotion and back pay, effective sixty days from the date the vacancy was created. *Lee,* 842 S.W.2d at 649; *Edwards,* 974 S.W.2d at 151.

■ The position of fire captain became vacant on November 21, 2004. Because there existed no promotion eligibility list for this position, the City was required to fill the position within ninety days, or by February 20, 2005. *See* TEX. LOC. GOV'T CODE ANN. § 143.036(e). On January 11, 2005, the Fire Fighters' and Police Officers' Civil Commission ("the Commission") scheduled a fire captain promotional examination and issued the required minimum thirty-day public notice that the examination would be held on February 23, 2005. On February 17, 2005, two firefighters obtained an injunction against the Commission, enjoining it from conducting the examination on the grounds that the source materials previously posted by the Commission had not been properly posted. *See id.* § 143.029(a) (Vernon 1999) ("Before the 90th day before the date a promotional examination is held, the commission shall post a notice that lists the sources from which the examination questions will be taken."). Eventually, the parties reached a settlement, and the promotional examination was held on August 30, 2005. On that same date, the results of the examination were released. Following appeals of the test questions, the final examination results were issued on October 14, 2005. On October 25, 2005, Benavides was promoted to fire captain, retro-

active to February 20, 2005. The City's argument is that because it was prevented from conducting the Fire Captain promotional examination by factors beyond its control (the lawsuit and injunction), it is excused from compliance with the requirement that the driver position, vacated by Benavides, be filled within ninety days of February 20, 2005.

■■ The act of filling a vacant position through the procedures outlined in the Local Government Code is not an act committed to the discretion of a local fire chief. *Klinger v. City of San Angelo,* 902 S.W.2d 669, 673 (Tex.App.-Austin 1995, writ denied). The department head has a mandatory duty to promote an eligible employee to fill an opening in a legally created civil service position. *Int'l Ass'n of Firefighters, Local Union No. 936 v. Townsend,* 622 S.W.2d 562, 563 (Tex.1981); *Klinger,* 902 S.W.2d at 673. However, factors beyond a city's control "can affect strict compliance." *Klinger,* 902 S.W.2d at 677. In *Klinger,* the City did not timely conduct its promotional examination because fewer than four persons applied to take the test. A local ordinance required that at least four persons take the test in order for the examination to be competitive. *Id.* at 672. On appeal, the parties recognized the city's two statutory requirements at issue: (1) administer a competitive examination to an adequate (four) number of persons and (2) promote from the eligibility list created within ninety days. *Id.* at 676. The court of appeals noted that these "two directives operate in harmony." *Id.* "The City delayed here on the basis that the number of persons eligible to take the promotional examination was inadequate and for that reason it could not comply with the procedures for timely promotion. If the City can rely upon its 'minimum four' rule, or if the actual number of eligible examinees

was otherwise inadequate, the City was faced with competing obligations." *Id.*

The *Klinger* court concluded that, under these circumstances, a municipality may not be able to comply with the strict language of the statute. *Id.* at 676–77. The court also noted other circumstances might also prevent strict compliance, such as: when a vacancy occurs, no one may be eligible to apply for the exam, and none of those eligible may choose to apply; or no one may pass if tested. *Id.* at 677. Accordingly, the court of appeals concluded that, "[a]lthough the statute provides that the City shall administer an exam and create a list within ninety days of the vacancy, it provides no penalty for failure to do so." *Id.* The court held that, "[w]hen faced with competing statutory obligations, substantial compliance with a particular requirement may be demonstrated in accordance with the overall intent of the statute." *Id.* at 676. The court agreed that the city could require that a reasonable number of applicants take an examination in order to make it competitive, and that the city's requirement that four persons take the test was consistent with the directives of the statute. *Id.* at 677. The court, therefore, concluded that the city had complied with the overall intent of the statute. *Id.*

Here, the City was prevented from timely conducting the fire captain promotional examination because of the injunction obtained by two firefighters. However, the City's failure to timely conduct the examination was due to factors within its control. The City was not prevented from conducting the examination because it was faced with competing statutory obligations. In fact, the City did not schedule the promotional examination for fire captain until

after the requisite ninety days had elapsed.[3] *See* TEX. LOC. GOV'T.CODE ANN. § 143.036(d) ("If an eligibility list does not exist on the date a vacancy occurs ..., the commission shall hold an examination to create a new eligibility list **within** 90 days after the date the vacancy occurs ....") (emphasis added). Also, although the merits of the lawsuit were never reached, if the allegations of the firefighters were true, the delay in conducting the examination was due to the City's failure to properly post source material for the test. *See id.* § 143.029(a). Accordingly, we conclude the City was not excused from complying with the statutory requirement to timely hold the promotional examination, and its failure to do so does not bar retroactive promotion or backpay. *See Firefighters' & Police Officers' Civil Serv. Comm'n of City of Houston v. Herrera*, 981 S.W.2d 728, 733 (Tex.App.-Houston [1st Dist.] 1998, pet. denied) ("Although the *Klinger* opinion acknowledged there was no statutory penalty when a city violated its obligation to administer an examination and create a list within 90 days, it did not hold that retroactive promotion or back pay was barred."). Accordingly, the trial court erred in rendering summary judgment in favor of the City.

## GOVERNMENTAL IMMUNITY

■ For the first time on appeal, the City contends its did not waive its governmental immunity from suit; therefore, the trial court lacks jurisdiction over the cause.

In *City of Houston v. Williams*, 216 S.W.3d 827 (Tex.2007) (per curiam), a group of firefighters sued the City of Houston to recover amounts deducted

---

**3.** The ninetieth day following November 21, 2004 was February 20, 2005. The City scheduled the test for February 23, 2005.

from payments they received upon termination of their employment. In the lawsuit, the firefighters alleged the city improperly calculated lump-sum payments of accumulated vacation and sick leave upon termination to which they were legally entitled, and also improperly deducted alleged overpayments of overtime. *Id.* at 828. The Supreme Court stated that "private parties cannot circumvent the State's sovereign immunity from suit by characterizing a suit for money damages, such as a contract dispute, as a declaratory-judgment claim." *Id.* at 828–29 (quoting *Tex. Natural Res. Conservation Comm'n v. IT–Davy,* 74 S.W.3d 849, 856 (Tex.2002)). The Court first held that the general "sue and be sued" language in the city's charter and "plead and be impleaded" language in Local Government Code section 51.075 did not waive the city's immunity from suit. *Id.* at 828 (citing to *Tooke v. City of Mexia,* 197 S.W.3d 325 (Tex.2006)). The Court noted that the only injury the retired firefighters alleged had already occurred, leaving them with only one plausible remedy—an award of money damages. *Id.* at 829. The Court held that if the sole purpose of an action seeking a declaration of the parties' contract or statutory rights is to obtain a money judgment, immunity is not waived. *Id.* However, because the firefighters asserted their claims fell within the provisions of Local Government Code sections 271.151–.160 (waiving immunity from suit for certain claims against cities and other governmental entities), the Supreme Court remanded the cause to the trial court, rather than dismissing the cause for lack of jurisdiction. *Id.; see also City of Sweetwater v. Waddell,* 218 S.W.3d

80, 81 (Tex.2007) (per curiam) (several firefighters and others sued the City of Sweetwater alleging the city failed to promote firefighter Allan Waddell to the position of fire marshal as required by Local Government Code section 143.036 and failed to pay each firefighter the same base salary as required by section 143.041 of that code; remanded to trial court to consider, among other things, whether city's immunity from suit was waived by sections 271.151–.160 or other statutory provisions). We hold that under *City of Houston* and *City of Sweetwater,* the City's immunity from suit for monetary damages under section 143.036 is not waived. However, this does not end our inquiry into whether appellants' claims are barred by governmental immunity.

"If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiffs should be afforded the opportunity to amend." *Texas Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 226–27 (Tex. 2004). In their petition, appellants seek relief in the form of a declaration of their rights under Local Government Code section 143.036, together with retroactive promotion and backpay. On appeal, appellants contend repleading would allow them to more clearly identify their claims as seeking injunctive, equitable, and mandamus relief. Appellants' petition does not affirmatively negate the existence of jurisdiction, therefore, we are not inclined to dismiss without affording appellants the opportunity to amend their pleadings.[4]

---

4. We are aware of the recent Texas Supreme Court decision in *Texas A & M Univ. Sys. v. Koseoglu,* No. 05–0321, 233 S.W.3d 835, 840 (Tex. 2007), available at *http://www.supreme.courts.state.tx.us,* in which the Supreme Court held remand would serve no legitimate pur-

pose because plaintiff's underlying claim was a breach of contract claim and "[m]erely pleading more facts in support of the breach of contract claim [would] not overcome Texas A & M's immunity from suit." However, there are at least two important distinctions

Accordingly, we remand for further proceedings.[5]

## CONCLUSION

We reverse the trial court's judgment and remand for further proceedings consistent with this opinion.

between that case and the one before this court. In *Koseoglu*, Texas A & M's plea to the jurisdiction was on file for four months before the hearing on the plea was held. Here, the City raised its jurisdictional challenge for the first time on appeal. Also, in *Koseoglu*, the Supreme Court noted that plaintiff had "made no suggestion as to how to cure the jurisdictional defect." Here, faced with a jurisdictional challenge for the first time on appeal, appellants have suggested that re-pleading for equitable and other relief may cure the jurisdictional defect.

5. We express no opinion on whether appellants are entitled to equitable or mandamus relief, and we express no opinion on whether backpay may be sought as an equitable remedy rather than as a monetary judgment because these issues are not before us.