COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-07-375-CV

 

KRIS CARR                                                 APPELLANT/CROSS-APPELLEE

 

   V.

 

CITY OF FORT WORTH,
TEXAS,                APPELLEES/CROSS-APPELLANTS

AND FIRE CHIEF RUDOLPH 

JACKSON, JR. 

 

                                              ------------

 

            FROM THE 17TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------

I. 
Introduction








This is
a cross-appeal from a partial plea to the jurisdiction and from competing
motions for summary judgment involving the alleged failure of AppelleesCthe City
of Fort Worth and Fire Chief Rudolph Jackson, Jr.Cto
promote Appellant Kris Carr to the rank of fire engineer under the local
government code.  At issue in the
underlying lawsuit was whether the procedurally defective discharge of fire
engineer Artie M. Dawson created as a matter of law a vacancy in the rank of
fire engineer prior to her reinstatement such that Carr, who was at the top of
the promotion eligibility list,[1]
should have been promoted.  The trial
court denied Carr=s motion for summary judgment,
granted Appellees= motion for summary judgment,
and denied as moot Appellees= partial
plea to the jurisdiction.  Because we
hold that the summary judgment evidence conclusively establishes as a matter of
law the existence of a vacancy, we reverse the summary judgment in favor of
Appellees and the summary judgment against Carr on that issue.  However, because the City may be immune from
suit, we remand the case for further proceedings.

II.  Factual
and Procedural Background

Prior to
February 2002, the Fort Worth Fire Department placed fire engineer Dawson on Adetached
duty@ for one
year while the department investigated her for alleged departmental
violations.  ADetached
duty@ status
required Dawson to stay home from work and routinely call in to the fire
department.  








On
February 14, 2002, as a result of the investigation, Fort Worth Fire Chief
McMillen[2]
gave Dawson notice that she was being indefinitely suspended without pay.  The letter stated that the suspension would
take effect on February 15, 2002 at 0800 hours. 
Dawson filed a written appeal of the suspension with the Director of the
Civil Service Commission on February 26, 2002. 
At this point, it was discovered that Fire Chief McMillen had failed to
file a copy of the indefinite suspension letter with the Commission as required
by the local government code.  Due to the
fire chief=s failure to give the Commission
the procedurally required notice of Dawson=s
suspension, Dawson Awas returned to duty on February
28, 2002.@ 
The fire chief did not promote anyone to the rank of fire engineer to
fill Dawson=s position during the fourteen
days that she was suspended.








Because
Carr believed that Dawson=s indefinite suspension created
a vacancy and because Carr believed that he should have been promoted, he filed
suit against the City seeking declaratory, injunctive, and equitable
relief.  Both parties filed motions for
summary judgment, and Appellees filed a partial plea to the jurisdiction.  The trial court denied Carr=s motion
for summary judgment, granted Appellees= motion
for summary judgment, and denied as moot Appellees= partial
plea to the jurisdiction.  Both Carr and
Appellees filed notices of appeal. 

III.  Standard
of Review

In a
summary judgment case, the issue on appeal is whether the movant met the
summary judgment burden by establishing that no genuine issue of material fact
exists and that the movant is entitled to judgment as a matter of law.  Tex.
R. Civ. P. 166a(c); Sw. Elec. Power Co. v. Grant, 73 S.W.3d 211,
215 (Tex. 2002); City of Houston v. Clear Creek Basin Auth., 589 S.W.2d
671, 678 (Tex. 1979).  The burden of
proof is on the movant, and all doubts about the existence of a genuine issue
of material fact are resolved against the movant.  Sw. Elec. Power Co., 73 S.W.3d at 215.








When
reviewing a summary judgment, we take as true all evidence favorable to the
nonmovant, and we indulge every reasonable inference and resolve any doubts in
the nonmovant=s favor.  Valence Operating Co. v. Dorsett, 164
S.W.3d 656, 661 (Tex. 2005).  Evidence
that favors the movant=s position will not be
considered unless it is uncontroverted.  Great
Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41, 47
(Tex. 1965).  But we must consider
whether reasonable and fair-minded jurors could differ in their conclusions in
light of all of the evidence presented.  See
Wal-Mart Stores, Inc. v. Spates, 186 S.W.3d 566, 568 (Tex. 2006); City
of Keller v. Wilson, 168 S.W.3d 802, 822B24 (Tex.
2005).

The
summary judgment will be affirmed only if the record establishes that the
movant has conclusively proved all essential elements of the movant=s cause
of action or defense as a matter of law. 
Clear Creek Basin, 589 S.W.2d at 678.

When
both parties move for summary judgment and the trial court grants one motion
and denies the other, the reviewing court should review both parties= summary
judgment evidence and determine all questions presented.  Valence Operating Co., 164 S.W.3d at
661.  The reviewing court should render
the judgment that the trial court should have rendered.  Id.

IV.  Procedures
Under Chapter 143

Before
turning to the parties= pleadings and jurisdictional
evidence, it is helpful to first survey the statutory context in which this
proceeding arisesCchapter 143 of the local
government codeCbecause it involves a maze of
procedural hoops.








Chapter
143 of the local government code, entitled AMunicipal
Civil Service For Firefighters And Police Officers,@ is
intended Ato secure efficient fire and
police departments composed of capable personnel who are free from political
influence and who have permanent employment tenure as public servants.@  Tex.
Loc. Gov=t Code Ann. '
143.001(a) (Vernon 2008).  To that end,
positions in the fire and police departments of municipalities governed by
chapter 143 are classified, receive civil service protection, and are filled
from promotion eligibility lists based on objective, merit-based qualifications
and competitive testing.  Id. '
143.021.

Municipalities
are not automatically governed by chapter 143. 
Instead, the legislature has permitted municipalities with a population
of 10,000 or more that have a paid fire department and police department to opt
into the chapter 143 regime through a local election.  Id. '
143.002.  The voters of Tarrant County
have approved the adoption of chapter 143, and at all times relevant to this
case, it has governed the City=s fire
and police departments.

In a
municipality like the City that is governed by chapter 143, the municipal
governing body establishes by ordinance the classifications and number of
positions in each classification.  Id.
'
143.021(a).  In this manner, the
governing body can create new positions or, within certain limitations, abolish
them.  See City of San Antonio v.
Wallace, 161 Tex. 41, 43B50, 338
S.W.2d 153, 155B59 (1960);  Michna v. City of Houston, 521 S.W.2d
331, 334B35 (Tex.
Civ. App.CHouston [1st Dist.] 1975, no
writ).








Promotion
eligibility lists for vacancies in each non‑entry level classification
are created by administering a competitive written exam open to promotion‑eligible
candidates.  See Tex. Loc. Gov=t Code
Ann. ''
143.028, 143.030, 143.032.  Based on the
candidates= exam scores and additional
points awarded based on seniority, passing candidates are ranked on a promotion
eligibility list.  Id. '
143.033(b)B(c).  Each promotion eligibility list remains in
effect for one year after the date on which the exam was given, Aunless
exhausted@ earlier.  Id. '
143.036(h).  As vacancies arise, the
commission shall submit names from the list to the department head until each
vacancy is filled or the list is exhausted. 
Id. ' 143.036(c).  The top‑ranked candidate on a promotion
eligibility list at the time a vacancy occurs has the Aprimary
right@ to be
appointed to fill the vacancy not later than the last day of the sixty‑day
statutory period in which the department head is required to fill the vacancy,
and failure to timely fill the vacancy results in the top‑ranked
candidate=s entitlement to the
appointment, as a matter of law, effective on the sixtieth day.  Lee v. Downey, 842 S.W.2d 646, 649
(Tex. 1992) (stating that A[a]
promotion is considered effective as of the last date that the city could lawfully
have filled the vacancy; that is, sixty days from the date the vacancy was
created@); Duckett
v. City of Houston, 495 S.W.2d 883, 887 (Tex. 1973); Klinger v. City of
San Angelo, 902 S.W.2d 669, 673B74 (Tex.
App.CAustin
1995, writ denied).

 








V.  Vacancy
Created by Dawson=s Suspension

In his
first issue, Carr argues that the trial court erred by granting Appellees= motion
for summary judgment and by denying his motion for summary judgment.  Specifically, Carr argues that Appellees
violated Texas Local Government Code section 143.036 by failing to promote him
to fire engineer upon Dawson=s
indefinite suspension.  Under his first
issue, Carr raises five subissues regarding whether, in light of Appellees=
procedural error, a discharge occurred; whether a vacancy was created; whether
the fire chief was required to fill the vacancy from the existing fire engineer
promotion eligibility list; whether Carr should have received the promotion;
and if so, whether Carr is entitled to a writ of mandamus from the trial court
compelling his promotion and backpay.  We
tackle these subissues in turn.

A.  Dawson=s
Suspension

Appellees
argued that the attempted suspension of Dawson never took effect because the
fire department did not comply with the chapter 143 requirement that the
suspension letter be filed with the Commission. 
Carr argues that this procedural error did not render Dawson=s
discharge void. 

Section
143.052 governs disciplinary suspensions and states,








If the department head
suspends a fire fighter or police officer, the department head shall, within 120 hours after
the hour of suspension, file a written statement with the commission giving the
reasons for the suspension.  The
department head shall immediately deliver a copy of the statement in person to
the suspended fire fighter or police officer.

 

Tex. Loc. Gov=t Code Ann. '
143.052(c) (emphasis added).  To
interpret the statute, we look first to the Aplain
and common meaning of the statute=s words.@  Fitzgerald v. Advanced Spine Fixation
Sys., Inc., 996 S.W.2d 864, 865 (Tex. 1999).  If a statute=s
meaning is unambiguous, we generally interpret the statute according to its
plain meaning.  Id. 

Because
neither side urges that the statute is ambiguous, we interpret the statute
according to its plain meaning.  Our
reading of the statute reveals that the 120-hour filing requirement is not a prerequisite
to the suspension.  In fact, the 120-hour
requirement is not triggered until after the suspension has been
effectuated.  See Tex. Gov=t Code Ann. ' 311.011
(Vernon 2005) (stating that courts are to give words their plain meaning unless
they are given a particular meaning by statutory definition or otherwise).













The
undisputed facts demonstrate that the fire chief gave Dawson a letter on
February 14, 2002, notifying her that she was being indefinitely suspended
without pay from the fire department and that her employment was terminated
effective at 0800 hours on February 15, 2002. 
At 0800 hours on February 15, 2002, Dawson did not have a job with the
fire department, and the clock began ticking for the fire department to file
the written statement with the Commission. 
During the 120 hours following the hour of suspension, Dawson remained
discharged from the fire department. 
Based on the plain language of the statute, the written statement was
not required to be filed before Dawson=s
suspension was effective; rather, the filing of the written statement with the
Commission is a step taken after a fire fighter has been suspended.  The fire department=s
failure to file the required written statement with the Commission did not undo
the suspension,[3]
which took effect at 0800 hours on February 15, 2002.  Thus, the summary judgment evidence
conclusively establishes that the fire department indefinitely suspended Dawson
effective February 15, 2002.  See Tex. Loc. Gov=t Code
Ann. ' 143.052(c); Stowe v. City of
Corpus Christi, 358 S.W.2d 409, 410 (Tex. Civ. App.CEastland
1962, writ ref=d n.r.e.) (stating that, under
prior version of statute, police officer was indefinitely suspended by chief of
police on February 28, 1959, and that within 120 hours after the indefinite
suspension, on March 4, 1959, the chief filed with the Commission a written
statement giving the reasons for suspension); see also Bichsel v. Carver,
159 Tex. 393, 397, 321 S.W.2d 284, 287 (1959) (stating in dicta that even
assuming statute did not prohibit the filing of a second set of charges, the
second charges were not filed within 120 hours of officer=s
suspension and therefore required reinstatement but did not void
suspension).  But see City of Beaumont
v. Spivey, 1 S.W.3d 385, 391 (Tex. App.CBeaumont
1999, pet. denied) (holding that police officer was not entitled to protection
under chapter 143 because he cheated on his entry level police civil service
examination, thus rendering his initial employment void ab initio).

B.  Suspension Created Vacancy

Carr
argues that because the fire chief=s
discharge of Dawson on February 15, 2002, was not void ab initio, Dawson=s
discharge created a vacancy in the rank of fire engineer on that date.  Appellees argue that no vacancy was created
and that an indefinite suspension does not create a vacancy. 








At the
time of Dawson=s indefinite suspension on
February 15, 2002, local government code section 143.036(a) read as
follows:  AWhen a
vacancy occurs in a nonentry position that is not appointed by the department
head as provided by Sections 143.014 and 143.102, the vacancy shall be filled
as prescribed by this section and Section 143.108, as applicable.@  Act of May 21, 1987, 70th Leg., R.S., ch.
149, ' 1, 1987
Tex. Gen. Laws 707, 900 (amended 2005) (current version at Tex. Loc. Gov=t Code
Ann. ' 143.036(a) (Vernon 2008)).  The current version contains the above text,
along with the following: AA
vacancy in a fire fighter position described by this subsection occurs on the
date the position is vacated by: . . . (5) issuance of an indefinite suspension
in accordance with Section 143.052(b).@  Tex.
Loc. Gov=t Code Ann. '
143.036(a) (Vernon 2008).  The parties
dispute whether the 2005 amendment to the statute was intended to apply to
pending and subsequently filed cases. 
However, both section 143.052(b) and Local Civil Service Rule 11.19 were
in effect in 2002 and stated that A[a]n
indefinite suspension is equivalent to dismissal from the department.@  Tex.
Loc. Gov=t Code Ann. '
143.052(b).  








Even
assuming that the previous version of the statuteCwhich
did not contain a definition of Avacancy@Capplies,
rules existed specifying that an indefinite suspension equated to a vacancy
because the person had been dismissed from the department.  Based on the plain language of the statute
and prior precedent from this court, the summary judgment evidence conclusively
establishes that Dawson=s indefinite suspension created
a vacancy on February 15, 2002.  See
City of Fort Worth v. Nyborg, 999 S.W.2d 451, 456B57 (Tex.
App.CFort
Worth 1999, pet. denied) (stating that based on plain language of the
ordinance, the lieutenant=s position was not abolished
before Nyborg was entitled to be promoted, so a vacancy existed, albeit for a
brief time);[4]
see also Mendiola v. City of Laredo, 239 S.W.3d 344, 346 (Tex. App.CSan
Antonio 2007, no pet.) (holding that vacancy occurred in the rank of fire
driver as a matter of law on date that fire captain=s
promotion was made effective).

C.  Fire Chief Had Nondiscretionary Duty to Fill
Vacancy from Eligibility List








Because
Dawson=s
suspension created a vacancy, we now address whether the fire chief was
required to fill the vacancy from the existing fire engineer promotion
eligibility list.  Texas courts have
repeatedly held that a department head=s duty
to fill a vacancy from a promotion eligibility list is mandatoryChe or
she has no discretion to not fill the vacancy. 
Int=l Ass=n of
Firefighters, Local Union No. 936 v. Townsend, 622 S.W.2d 562, 563
(Tex. 1981).  If a vacancy arises before
a promotion eligibility list expires or is exhausted, the department head is
required to fill the vacancy by permanent appointment from the list within
sixty days after the date the vacancy occurs. 
Tex. Loc. Gov=t Code
Ann. ' 143.036(e).  Although Appellees contend that the fire
chief properly filled any such vacancy by reinstating Dawson, their contention
runs afoul of chapter 143=s requirements for filling
vacancies.  Because the parties do not
dispute that a fire engineer promotion eligibility list existed at 0800 hours
on February 15, 2002,[5]
the fire chief was required by chapter 143 to use such list to fill the vacancy
in the rank of fire engineer that occurred then.  See Tex.
Loc. Gov=t Code Ann. '
143.036(b), (e). 

D.  Carr Topped Eligibility List

In his
next subissue, Carr argues that as the top-ranked candidate on the fire
engineer promotion eligibility list, he was entitled to promotion.  After maneuvering through the procedural
hoops, we agree.








On
February 15, 2002, when Dawson=s
suspension took effect, the highest ranked individual on the fire engineer
promotion eligibility list was Calvin Lyons; Carr was second on the list at
that time.  However, Lyons was later
promoted retroactive to November 2001 as a result of a separate
litigation.  Accordingly, the end result
of that litigation was that Carr moved to first on the fire engineer promotion
eligibility list and was there at the time when Dawson=s
suspension created a vacancy.  Carr,
therefore, was entitled to be promoted within sixty days of the February 15,
2002 vacancy.  See Tex. Loc. Gov=t Code
Ann. ' 143.036(e).  Because Appellees did not promote Carr to
fill the vacancy created by Dawson=s
suspension, they violated the provisions for filling a vacancy under chapter
143.[6]  The trial court, moreover, erred by granting
Appellees= motion for summary judgment and
by denying Carr=s motion for summary judgment on
this issue.  We therefore sustain Carr=s first
issue to the extent that Appellees failed to promote him to fill the vacancy
created by Dawson=s suspension on February 15,
2002.

VI.  Issues Not
Reached by Trial Court








In the
last subissue under Carr=s first issue, he argues that he
is entitled to mandamus relief from the trial court.[7]  In Carr=s second
and third issues, he argues that his backpay claim is not barred by
governmental immunity and that he is entitled to an award of attorney=s fees
and costs.  Appellees argue that Carr is
not entitled to mandamus relief, that governmental immunity is not waived, and
that Carr=s claims for backpay, as well as
his claims for attorney=s fees and costs under the
Declaratory Judgment Act, are barred by governmental immunity.  Because the summary judgment evidence
conclusively established that a suspension occurred, that the suspension
created a vacancy, that the fire chief was required to fill the vacancy from
the promotion eligibility list, and that Carr was the top-ranked candidate on
the promotion eligibility list, the trial court erred by granting Appellees= motion
for summary judgment and by denying Carr=s motion
for summary judgment on this issue. 
Consequently the trial court did not reach Carr=s claims
for mandamus relief and backpay, or his claims for attorney=s fees
and costs under the Declaratory Judgment Act.








When the
trial court has not reached the governmental immunity issue in cases under
chapter 143 of the local government code, the Texas Supreme Court has found Ait
preferable to remand this claim to the trial court to consider in the first
instance@ Awhether
the City=s
immunity from suit is waived by sections 271.151B.160 of
the Local Government Code or other statutory provisions.@  See City of Houston v. Williams, 216
S.W.3d 827, 829 (Tex. 2007); City of Sweetwater v. Waddell, 218 S.W.3d
80, 81 (Tex. 2007).  We therefore follow
the supreme court=s lead and remand the issues of
governmental immunity as applied to mandamus relief, backpay, attorney=s fees,
and costs to the trial court for further proceedings consistent with this
opinion.  See Williams, 216 S.W.3d
at 829; Waddell, 218 S.W.3d at 81; see generally Tex. Loc. Gov=t Code
Ann. '' 143.108(d), 180.006, 271.152;
City of Houston v. Hildebrandt, No. 01-06-00936-CV, 2008 WL 525417, at *1B4 (Tex.
App.CHouston
[1st Dist.] Feb. 28, 2008, pet. filed) (holding that governmental immunity was
waived because statute allowed for penalty); City of Round Rock v. Whiteaker,
241 S.W.3d 609, 623B42 (Tex. App.CAustin
2007, pet. filed) (analyzing governmental immunity as applied to fire
lieutenant=s claims for declaratory,
mandamus, and injunctive relief); City of Seagoville v. Lytle, 227
S.W.3d 401, 410B15 (Tex. App.CDallas
2007, no pet.) (analyzing governmental immunity as applied to police officer=s claims
for declaratory, mandamus, and injunctive relief and analyzing official
immunity).

VII. 
Conclusion








Having
sustained Carr=s first issue to the extent that
Appellees failed to promote him to fill the vacancy created by Dawson=s
suspension on February 15, 2002, we reverse the trial court=s order
denying his motion for summary judgment and granting Appellees= motion
for summary judgment.  Having determined
that the trial court did not reach the issues of governmental immunity as
applied to mandamus relief, backpay, attorney=s fees,
and costs, we remand those issues for further proceedings consistent with this
opinion.

 

                SUE WALKER

                JUSTICE

 

PANEL:  GARDNER, WALKER, and MCCOY, JJ.

 

DELIVERED:  August 26, 2008











[1]The parties agree that
Carr was the person at the top of the fire engineer promotion eligibility list
on February 15, 2002, after taking into account that Calvin C. Lyons III was
later promoted to the rank of fire engineer, and his promotion was backdated to
November 1, 2001. 





[2]Carr amended his petition
to add Rudolph Jackson, Jr., the current fire chief.





[3]This is not meant to
convey that the failure to file the written statement had no effect at
all.  Rather, as Carr concedes, the fire
department=s failure to file the
written statement with the Commission warranted Dawson=s subsequent reinstatement,
which we discuss below. 





[4]In light of our statutory
analysis regarding Dawson=s suspension, we decline
to follow City of Harlingen v. Alvarez, 204 S.W.3d 452, 460 (Tex. App.CCorpus Christi 2005, pet.
granted, judgm=t vacated w.r.m.)
(holding that fire fighter=s indefinite suspension did not create a vacancy
and that a vacancy occurred only after the Commission made a finding of the
truth of the charges against the fire fighter).





[5]On March 14, 2001, Fort
Worth created a promotion eligibility list for the fire engineer position, and
the list was to remain in effect until March 13, 2002. 





[6]During the sixty-day
period that Appellees had under section 143.036(c) to fill the vacancy, Dawson
was entitled to be reinstated due to Appellees= failure to file the
written statement with the Commission.  See
generally Tex. Loc. Gov=t
Code Ann. ' 143.052(f) (stating that
if the department head does not specifically point out in the written statement
the acts of the fire fighter that allegedly violated the civil service rules,
the Commission shall promptly reinstate the person).  But Dawson=s reinstatement does not affect Appellees= duty to fill a vacancy
using the promotion eligibility list; the proper procedure would have been for
Appellees to follow the statutory procedure triggered when a position is
vacated and to have promoted Carr to fire engineer, then demoted him back to
his previous position when Dawson was reinstated, and to then have placed him
on the fire engineer=s reinstatement
list.  See Nyborg, 999 S.W.2d at
456B57.  When the next opening in the rank of fire
engineer occurred on August 24, 2002, Carr could then have been promoted off
the reinstatement list at that time.  See
id. at 457; see also Bostick v. Owens, 423 S.W.2d 471, 472 (Tex.
Civ. App.CFort Worth 1968, writ ref=d n.r.e.) (holding that top
person on eligibility list on date of vacancy should be promoted even if list
expires during the time that the vacancy can be filled).





[7]Specifically, Carr=s second amended petition
requested that the trial court issue a writ of mandamus compelling the fire
chief to promote Carr to the rank of fire engineer retroactive to August 24,
2002, Awith all seniority and
other benefits which he would have received had he been promoted on that date.@  On appeal, Carr prays that we grant him
equitable relief Ain the form of backpay
and benefits.@