

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-20-00130-CV

_____

THE CITY OF FORT WORTH, Appellant

V.

WESLEY RUST, Appellee

---

On Appeal from the 153rd District Court
Tarrant County, Texas
Trial Court No. 153-301921-18

---

Before Gabriel, Kerr, and Bassel, JJ.
Memorandum Opinion by Justice Gabriel

## MEMORANDUM OPINION

Appellee Wesley Rust was injured at a municipal golf course when his city-owned golf cart unexpectedly accelerated, causing Rust to fall out of the cart. In this appeal from his suit against the city, we are asked to decide if the statutory liability limitation for recreational activities operates to lower the city's duty of care to that owed to a trespasser. We conclude that it does apply to Rust's negligence claim arising from a condition of tangible personal property and that Rust, therefore, failed to properly plead a valid waiver of the city's immunity from suit. Accordingly, the trial court erred by denying the city's plea to the jurisdiction.

## I. BACKGROUND

The Meadowbrook Golf Course is owned and operated by the City of Fort Worth, the appellant. On the day of Rust's injury, Rust and John Breed were partnered to play the back nine. Breed signed out golf cart number 60, which was also owned by the City. Rust alleges that at some point while Rust was driving the cart, the gas pedal "partially detached" and became lodged behind the brake pedal, causing a rapid acceleration and throwing him out of the cart.

Rust "sustained serious bodily injuries" and he filed suit against the City, alleging that the City had been "negligent in its failure to maintain the cart, and/or repair or remove the cart in question, as well as its failure to warn Mr. Rust of the

2

dangerous condition."[1]  Rust's pled theory to waive the City's governmental immunity from suit was based on the Tort Claims Act (the TCA) and the waiver that statute extends to injuries proximately caused by a dangerous condition of tangible personal or real property—the golf cart.  *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.021(2).

On February 28, 2020, the City filed a plea to the jurisdiction, arguing that its immunity had not been waived primarily because the limitation of liability for recreational activities found in the Recreational Use Statute (the RUS) lowered its duty of care to gross negligence, malicious intent, or bad faith—the duty owed to a trespasser.  According to the City, Rust's failure to allege that the City breached this duty of care meant the City's immunity had not been waived because it would not have been liable according to Texas law—which includes the RUS.  Rust responded that the RUS did not apply to lower the City's duty of care because the RUS's lower standard of care does not apply to claims based on a condition of tangible personal property under Section 101.021(2) of the TCA.  Rust also argued that even if the lower standard of care applied, he had raised genuine issues of material fact on the City's gross negligence.  He also requested that if the City's immunity from suit were not waived for purposes of his negligence claim, he be allowed to amend his petition to plead a gross-negligence claim.

---

[1]Rust raised claims against the manufacturer of the cart as well.

3

After considering the City's plea to the jurisdiction, Rust's response, and any evidence attached to those pleadings,[2] the trial court denied the City's plea on April 8, 2020. The City filed an interlocutory appeal from the order, *see id.* § 51.014(a)(8), and now argues that the RUS limits the TCA's waiver of immunity by lowering the City's duty of care, which Rust did not allege that the City had breached.

## II. PLEA TO THE JURISDICTION

### A. STANDARD AND SCOPE OF REVIEW

A plea to the jurisdiction challenges the trial court's power to adjudicate a case and is untethered from the substance of the asserted claims. *Schmitz v. Denton Cnty. Cowboy Church*, 550 S.W.3d 342, 351 (Tex. App.—Fort Worth 2018, pet. denied) (op. on reh'g) (citing *Mission Consol. ISD v. Garcia*, 372 S.W.3d 629, 635 (Tex. 2012)). The City's assertion of governmental immunity from suit implicates the trial court's subject-matter jurisdiction and was appropriately raised in a plea to the jurisdiction. *See Meyers v. JDC/Firethorne, Ltd.*, 548 S.W.3d 477, 484 (Tex. 2018). We review the trial court's denial of the City's plea de novo as a question of law. *See EBS Sols., Inc. v. Hegar*, 601 S.W.3d 744, 749 (Tex. 2020).

When the plea challenges the pleadings, as did the City's plea, we determine if the plaintiff alleged facts demonstrating the court's jurisdiction to hear the cause. *See State v. Lueck*, 290 S.W.3d 876, 884 (Tex. 2009); *Cnty. of Cameron v. Brown*, 80 S.W.3d

---

[2]Although the City timely replied to Rust's jurisdictional response, the trial court specified that only the plea and the response had been considered.

549, 555 (Tex. 2002). Specifically regarding governmental immunity, the plaintiff must affirmatively demonstrate the court's jurisdiction by alleging a valid waiver of immunity. *See Ryder Integrated Logistics, Inc. v. Fayette Cnty.*, 453 S.W.3d 922, 927 (Tex. 2015) (per curiam); *Lueck*, 290 S.W.3d at 884–85. We construe the plaintiff's pleadings liberally in favor of jurisdiction and accept his factual allegations as true to determine whether he provided fair notice to the governmental entity that the trial court had subject-matter jurisdiction. *See Harris Cnty. v. Annab*, 547 S.W.3d 609, 612–13 (Tex. 2018); *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227, 230 (Tex. 2004); *Brown*, 80 S.W.3d at 555; *City of San Antonio v. Peralta*, 476 S.W.3d 653, 660 (Tex. App.—San Antonio 2015, no pet.). Even under a liberal construction, however, the plaintiff bears the burden to demonstrate through the alleged facts and reference to legal authority in his live pleading that immunity from suit has been waived, i.e., that the trial court had subject-matter jurisdiction to hear the cause. *See Miranda*, 133 S.W.3d at 226; *City of Westworth Vill. v. City of White Settlement*, 558 S.W.3d 232, 239 (Tex. App.—Fort Worth 2018, pet. denied); *Hardin Cnty. Cmty. Supervision & Corr. Dep't v. Sullivan*, 106 S.W.3d 186, 188–89 (Tex. App.—Austin 2003, pet. denied).

## B. INTERPLAY BETWEEN THE RUS AND THE TCA

To establish a waiver of the City's immunity, Rust specifically alleged that his injuries were caused by "a condition or use of tangible personal or real property—specifically, the condition of [the City's] golf cart." The TCA provides that a governmental unit is liable for such injuries as a private person would be under Texas

law.  Tex. Civ. Prac. & Rem. Code Ann. § 101.021(2).  Texas law provides that if a landowner gives permission to another to enter his premises for recreation,[3] the RUS limits that landowner's liability to only those actions that were intentional or grossly negligent.  *Id.* §§ 75.001–.002; *Univ. of Tex. v. Garner*, 595 S.W.3d 645, 648 (Tex. 2019) (per curiam).  Such landowners are, therefore, effectively immunized from ordinary negligence claims.  *Garner*, 595 S.W.3d at 648.  Governmental landowners are also included in this lower degree of care owed to recreational users and in the RUS's protection from ordinary negligence claims.  Tex. Civ. Prac. & Rem. Code Ann. §§ 75.002(f), 75.003(e)–(g).  Rust did not allege that the City acted with gross negligence, malicious intent, or bad faith.  Thus, if the RUS applies, the City is immune from suit and the trial court lacked jurisdiction over Rust's negligence claim. *See Garner*, 595 S.W.3d at 649.

The Texas Supreme Court has clearly explained the interplay between the RUS and the TCA regarding governmental landowners: "The Recreational Use Statute limits the Tort Claims Act's waiver of governmental immunity by lowering the duty of care owed to a person who enters and engages in 'recreation' on a governmental unit's property."  *Garner*, 595 S.W.3d at 647.  Therefore, if a person engages in recreation on a governmental unit's property, the unit owes the person only "the duty not to injure

---

[3]The parties do not dispute that Rust was engaging in recreation when he sustained his injuries.  Indeed the RUS's definition of recreation is broad and presumably would include golf.  *See* Tex. Civ. Prac. & Rem. Code Ann. § 75.001(3); *City of Plano v. Homoky*, 294 S.W.3d 809, 817 (Tex. App.—Dallas 2009, no pet.).

intentionally or through gross negligence." *Id.* In sum, the governmental unit "retains immunity from ordinary negligence claims even when the [TCA] would otherwise waive such immunity." *Id.*

Rust attempts to distinguish *Garner* by arguing that its holding is limited to claims alleged under Section 101.021(1) of the TCA—injuries arising from the operation or use of a motor-driven vehicle or equipment. *See id.* at 648. In other words, Rust asserts that the RUS does not apply to his negligence claim because it arises from a condition of tangible personal property under Section 101.021(2) of the TCA. We do not read *Garner* or the RUS so narrowly. The plain language of the RUS states that it applies to governmental landowners even to the extent their immunity might be waived under "Chapter 101"—the TCA—not just Section 101.021(1) of the TCA. Tex. Civ. Prac. & Rem. Code Ann. § 75.003(g); *see also id.* § 75.003(e) (providing RUS "applies to a governmental unit"); *Suarez v. City of Tex. City*, 465 S.W.3d 623, 627 (Tex. 2015) (recognizing RUS limits TCA's waiver of governmental immunity). And nothing in the Supreme Court's opinion leads us to believe that its holding was limited to Section 101.021(1). Indeed, the Supreme Court expressly held "that the Recreational Use Statute applies and that the Tort Claims Act therefore does not waive the [governmental unit's] immunity with respect to the plaintiff's ordinary negligence claim." *Garner*, 595 S.W.3d at 647; *see also Suarez*, 465 S.W.3d at 630, 632, 637 (recognizing city retained immunity from wrongful-death suit because plaintiff produced no evidence of specific intent required under RUS regarding gross-

7

negligence claim involving water conditions adjacent to public beach). Neither *Garner* nor the RUS limits its application to waivers of immunity under Section 101.021(1) of the TCA, and we will not read this limit into either's plain language. *See, e.g.*, *Peralta*, 476 S.W.3d at 658–59 (applying RUS to premises-liability claim arising under Section 101.021(2), i.e., involving a condition of real property).

Further the Supreme Court held that as long as a person enters premises owned by a governmental unit and engages in recreation on those premises, the RUS lowers the unit's duty of care to that owed a trespasser. *Garner*, 595 S.W.3d at 650. Rust argues that because his claim is not a premises-liability claim, these prerequisites to application of the RUS are not met. The court did not so limit its holding and, again, nothing in the RUS indicates that its reach extends only to premises-liability claims. *See, e.g.*, *City of Midland v. Bunch*, No. 11-16-00276-CV, 2017 WL 4440276, at *3 (Tex. App.—Eastland Sept. 29, 2017, no pet.) (mem. op.) (applying RUS to "negligence *and* premises defect claims based on ordinary negligence" (emphasis added)). In fact, Garner's claim was not a premises-liability claim. *Garner*, 595 S.W.3d at 648–49. The RUS affects the duty of care, which would apply to a plaintiff's claim, no matter its label.

Rust does not dispute that the golf course and the cart were owned by the City or that he was engaging in recreation when he was injured. Thus, the RUS applied to Rust's suit, immunizing the City from Rust's negligence claim even though based on a condition of tangible personal property. *See id.* at 649–50.

8

Because the RUS applied to lower the City's duty of care and because Rust did not allege claims premised on conduct involving malicious intent, bad faith, or gross negligence against the City, the TCA does not waive the City's immunity from Rust's negligence suit. *See Garner*, 595 S.W.3d at 651. Thus, the trial court erred by denying the City's plea because Rust failed to plead an effective waiver of the City's immunity from suit. We sustain the City's first and third issues.[4]

## C. NO REVIEW OF THE EVIDENCE

The City argues in its second issue that Rust produced no evidence that his injuries were attributable to the City's gross negligence. The City and Rust assay the evidence attached to the City's plea and Rust's response and reach differing conclusions about whether Rust raised a genuine issue of material fact regarding the applicable duty of care under the RUS.

But Rust did not allege that the City acted maliciously, in bad faith, or with gross negligence; thus, it would be inappropriate to determine whether the submitted evidence raised a genuine issue regarding a hypothetical, unpled claim. *Cf. Suarez*, 465 S.W.3d at 630–31, 634–37 (reviewing intent evidence submitted in jurisdictional-plea proceeding regarding pled gross-negligence claim); *Johnson v. Woodlands Twp.*, No. 09-18-00247-CV, 2020 WL 1479715, at *4–5 (Tex. App.—Beaumont Mar. 26,

---

[4]In issue one, the City argues that the RUS limits the TCA's waiver of governmental immunity to claims alleging malicious intent, bad faith, and gross negligence. The City contends in issue three that the trial court erred by denying the City's plea because Rust alleged only a negligence claim.

9

2020, pet. denied) (mem. op.) (same). If we were to search for a fact issue on the City's gross negligence, it would relieve Rust of his burden to allege facts giving fair notice of a waiver of immunity under the TCA as limited by the RUS. *See Peralta*, 476 S.W.3d at 658–60 (examining jurisdictional evidence only after determining that plaintiff met his pleading burden to demonstrate a waiver of immunity). Accordingly, we decline to review the evidence to determine if Rust raised a genuine fact issue on gross negligence (again, an unpled claim) sufficient to defeat the City's plea to the jurisdiction. *See Univ. of Tex. Health Sci. Ctr. at Hous. v. Garcia*, 346 S.W.3d 220, 228–29 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (addressing issue directed to insufficiency of jurisdictional allegations—a challenge to the pleadings—where gross-negligence claim was not raised and declining to address governmental unit's "remaining contentions"). *See generally Schmitz*, 550 S.W.3d at 351–52 (recognizing if plea challenges existence of jurisdictional facts, as opposed to a challenge to the pleadings, the evidence must be parsed to determine if material fact issue regarding jurisdiction was raised). We, therefore, overrule the City's second issue.

## D. OPPORTUNITY TO AMEND

But Rust requests, as he did in the trial court, the opportunity to amend his pleadings "to plead his claim of gross negligence" if the RUS applies to lower the City's duty of care. If the pleadings insufficiently demonstrate the trial court's jurisdiction (as here) but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and Rust should be afforded the

10

opportunity to amend. *Miranda*, 133 S.W.3d at 226–27. But if a pleading defect cannot be cured, remand for amendment would serve no legitimate purpose and, thus, should not be allowed. *See Tex. A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 839–40 (Tex. 2007).

Here, although Rust's allegations are defective because they fail to provide fair notice of an effective waiver of immunity under the RUS's limit, they do not affirmatively demonstrate incurable defects in jurisdiction. The issue here is one of pleading sufficiency, not of jurisdictional impossibility. *See Miranda*, 133 S.W.3d at 227; *Garcia*, 346 S.W.3d at 229. Accordingly, Rust should be allowed the opportunity to amend his pleadings to cure the jurisdictional defect. *See, e.g.*, *City of Weslaco v. Trejo*, No. 13-18-00024-CV, 2018 WL 3062575, at *4–5 (Tex. App.—Corpus Christi–Edinburg June 21, 2018, no pet.) (mem. op.); *Garcia*, 346 S.W.3d at 229; *Mendiola v. City of Laredo*, 239 S.W.3d 344, 350 (Tex. App.—San Antonio 2007, no pet.).

### III. CONCLUSION

The RUS applies to Rust's negligence claim arising under Section 101.021(2) of the TCA; thus, he must allege that the City acted with malicious intent, bad faith, or gross negligence to plead a valid waiver of immunity. Rust did not do so, rendering his allegation of a jurisdictional waiver insufficient to demonstrate the trial court's subject-matter jurisdiction. Thus, the trial court erred by denying the City's plea to the jurisdiction based on its pleadings challenge. But because Rust did not affirmatively negate the existence of jurisdiction—the possibility that the City's

11

actions constituted gross negligence—he should be given an opportunity to amend his petition. We reverse the trial court's order denying the City's plea and remand to that court for further proceedings consistent with this memorandum opinion. *See* Tex. R. App. P. 43.2(d), 43.3(a); *Garcia*, 346 S.W.3d at 229.

/s/ Lee Gabriel

Lee Gabriel
Justice

Delivered: October 22, 2020