Mike MONCRIEF, County Judge, et al., Petitioners,

v.

Marshall TATE et al., Respondent.

No. B–8651.

Supreme Court of Texas.

Jan. 16, 1980.

Rehearing Denied Feb. 20, 1980.

Tim Curry, Dist. Atty., Joe C. Lockhart, Asst. Dist. Atty., Fort Worth, for petitioners.

Steves & Morgan, James Henley Morgan, Fort Worth, for respondent.

STEAKLEY, Justice.

This suit was instituted by a group of individuals "comprising some of those janitorial workers who were discharged by" the Tarrant County officials on December 14, 1976. The defendants are the County Judge, the members of the Commissioners Court, and certain employees of Tarrant County. The relief sought is a declaration that the adoption by the county officials of an independent contractor system as a means of providing custodial services, and the resulting termination of the employment of the janitorial workers, was a nullity, and that the workers be reinstated with back pay.

Upon trial to the court, judgment was rendered under date of July 29, 1977, granting the workers the relief they sought. There was an appeal which turned on matters not pertinent here. See *Moncrief v. Tate*, 561 S.W.2d 941 (Tex.Civ.App.1978, no writ). In this second appeal the Court of Civil Appeals affirmed the judgment of the trial court. 586 S.W.2d 562. We reverse the judgments below and render judgment that the plaintiffs in the trial court take nothing.

The Court of Civil Appeals held that the trial court did not abuse its discretion "in refusing to find good faith" on the part of the county officials. The court recognized that unlike *City of San Antonio v. Wallace*, 161 Tex. 41, 338 S.W.2d 153 (1960), there was evidence that the action of the county officials in terminating the janitorial positions was to effect an economy in governmental operations; and that the county officials had concluded upon the basis of prior studies "that thousands of dollars could be saved by using an independent contractor instead of the civil service custodians." Notwithstanding, and apparently relying on *Wallace*, the Court of Civil Appeals upheld the action of the trial judge. The reasoning appears to be "that Tarrant County is in good financial condition and that Tarrant County could have continued its operation unabated, retaining its custodians;" also that such action was compelled by the public policy that employees on a merit system

should be "free from political control." The court has thus held that the action of a trial court in nullifying action of the county officials terminating civil service positions will be upheld notwithstanding proof that the termination would effect substantial savings in the operation of the county government. The apparent corollary is that the termination of civil service employees by the governing authorities under such circumstances nevertheless subjects such employees to "political control." We disagree.

It does not appear to be disputed that the termination of the janitorial employees, and the performance of such services by an independent contractor, will result in substantial economies in the operation of the county government. The feasibility study upon which the county officials acted drew the conclusion that this savings would be approximately $220,000 over a two year period.

*City of San Antonio v. Wallace, supra*, does not rule the case here. There it was made clear by this Court that the city did not assert that the purpose of the abolition of the civil service positions was to effect an economy in governmental operations or to secure more efficient custodial care of the city's buildings. In that context the primary contention of the city was that such action in no event is subject to judicial inquiry for want of good faith. We rejected this extreme position but at the same time recognized that there is a presumption favoring the regularity of official acts. We held that the courts will consider the element of good faith in passing upon the validity of the acts of municipal officials and thus assured that the civil service policy of the State will not be at the mercy of these officials.

Here we have the opposite side of the coin, i. e., whether the officials of Tarrant County who are charged with the responsibility of administering county government are at the mercy of the civil service system to the extent that economies in government which terminate civil service positions cannot be ordered so long as the county is solvent and can pay the higher

price for the services to be rendered. It is the contention of the civil service employees that the only instances in which their positions can be terminated, no matter the economies, is where a functional change is ordered, e. g., the replacement of elevator operators with automatic elevators; and that so long as people are doing the same work in the same manner, the county officials are powerless to change the method of doing the work if there is a resulting termination of civil service positions. We reject this contention and hold that under this record it has not been shown that the Tarrant County officials acted in bad faith in adopting the independent contractor system as an economy program. In so doing we reaffirm what was stated to be the preferable approach in *Wallace*; namely, that the issue of good faith in abolishing a civil service position presents a question of an abuse of discretion by the governing board of the municipality which is a question of law for the decision of the judge.

We reverse the judgments below and render judgment that the plaintiffs in the trial court take nothing.