The CITY OF FORT WORTH, Texas the Fort Worth Firefighters and Police Officers Civil Service Commission, Appellants,

v.

Russell NYBORG, Appellee.

No. 2–98–041–CV.

Court of Appeals of Texas, Fort Worth.

July 15, 1999.

Rehearing Overruled Aug. 26, 1999.

George A. Staples, P.C., George A. Staples, Jr., Fort Worth, for Appellant.

Law Office of Sue Walker, Sue Walker, Fort Worth, for Appellee.

Panel B: LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

## OPINION

LEE ANN DAUPHINOT, Justice.

### INTRODUCTION

Appellants the City of Fort Worth (the City) and the Fort Worth Firefighters and Police Officers Civil Service Commission (the Commission) appeal from the trial court's denial of their motions for summary judgment and the trial court's grant of summary judgment in favor of Appellee Russell Nyborg. Because we hold that Nyborg is entitled to summary judgment as a matter of law, we affirm as modified the trial court's grant of summary judgment in favor of Nyborg.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This case involves promotions within the Fort Worth Police Department (the FWPD). The City is a municipality governed by the Firefighter and Police Civil Service Act (the CSA), chapter 143 of the local government code, which the Commission administers.[1] Nyborg is a sergeant with the FWPD. Between November 11, 1995 and February 28, 1996, Nyborg ranked first on the lieutenant's eligibility list, meaning that if a vacancy occurred in the lieutenant's position during that period, he would be entitled to promotion to lieutenant.

On November 21, 1995, the Fort Worth City Council (the City Council) adopted Ordinance No. 12263 (the ordinance), which created one additional captain's position and deleted one lieutenant's position. At the time the ordinance was adopted, Lieutenant Patricia Kneblick ranked first on the captain's eligibility list. Consequently, on November 25, 1995, Kneblick was promoted to captain. In her new position as captain, Kneblick was to be in command of the internal affairs division of the FWPD. On December 7, 1995, Kneblick was again promoted and was designated acting deputy chief.

Nyborg argues that Kneblick's promotion to captain on November 25, 1995 created a vacancy in the lieutenant's position and that he was entitled to promotion to lieutenant, because he ranked first on the lieutenant's eligibility list. The City, however, refused to promote Nyborg to lieutenant, arguing that because the ordinance contemporaneously created a captain's position and eliminated a lieutenant's position, no vacancy occurred in the lieutenant's position. Nyborg timely filed a request with the Commission for an investigation, a hearing, and a determination of this matter. The Commission determined that the ordinance did not create a vacancy

---

1. *See* TEX. LOC. GOV'T CODE ANN. §§ 143.001– .002 (Vernon 1999).

in the lieutenant's position and denied Nyborg's request for promotion.

Nyborg then filed suit in district court, asking that the Commission's decision be set aside.[2] Both sides moved for summary judgment. Pursuant to a rule 11 agreement,[3] the parties first sought the trial court's ruling on the sole issue of whether the ordinance created a vacancy in the lieutenant's position during the period Nyborg was eligible for promotion to lieutenant. The trial court granted Nyborg's motion for partial summary judgment, finding that he was entitled to judgment as a matter of law on his claim that a vacancy arose in the lieutenant classification of the FWPD on November 25, 1995, upon Kneblick's promotion to captain.

Both sides then moved for summary judgment on the remaining issues in the suit. The trial court granted Nyborg's motion and denied the City and the Commission's motion. The trial court found that, pursuant to the vacancy that arose on November 25, 1995, Nyborg acquired an equitable property right in the vacated position and a primary right to promotion to lieutenant. Accordingly, the trial court set aside the Commission's decision and ordered that Nyborg be promoted to lieutenant, with back pay, effective no later than January 23, 1996, sixty days from when the vacancy occurred. The trial court also entered an agreed order granting attorney's fees to Nyborg.

In two points on appeal, the City and the Commission argue that the trial court erred in granting Nyborg's motions for summary judgment because there was no summary judgment evidence that a lieutenant's vacancy existed during the time that he was the top candidate on the FWPD eligibility list, and in denying their motions for summary judgment because they met their burden of establishing the propriety of eliminating a lieutenant's position.

## STANDARD OF REVIEW

The standards for reviewing a motion for summary judgment are well established. Nyborg, as the movant, has the burden of establishing that no genuine issue of material fact exists and that he is entitled to judgment as a matter of law.[4] Because the trial court rendered summary judgment against the City and the Commission, we must view the evidence and its reasonable inferences in the light most favorable to them.[5]

## DISCUSSION

The City is a municipality governed by the CSA.[6] All promotions and reclassifications within the FWPD therefore must comply with the provisions of the CSA. The CSA states, "[A]n existing position or classification or a position or classification created in the future either by name or by increase in salary may be filled only from an eligibility list that results from an examination held in accordance with this chapter."[7] An officer's rank on the eligibility list is computed by adding his or her seniority points to his or her grade on the written examination.[8] An eligibility list is valid for one year from the date the written examination is given.[9]

It is undisputed that, between November 11, 1995 and February 28, 1996, Nyborg ranked first on the lieutenant's eligibility list, meaning that if a vacancy occurred in the lieutenant's position during

---

2. *See id.* § 143.015.

3. Tex.R. Civ. P. 11.

4. *See* Tex.R. Civ. P. 166a(c); *Ryland Group, Inc. v. Hood,* 924 S.W.2d 120, 121 (Tex.1996).

5. *See Little v. Smith,* 943 S.W.2d 414, 415 (Tex.1997).

6. *See* Tex. Loc. Gov't Code Ann. § 143.002.

7. *Id.* § 143.021(c); *see also id.* § 143.032 (promotional examination procedure).

8. *See id.* § 143.033(c).

9. *See id.* § 143.036(h).

that period, he would be entitled to promotion to lieutenant. We therefore must first determine whether a vacancy occurred within these dates. A vacancy occurs when an existing position is vacated or a newly created position is established by ordinance.[10] In this case, the ordinance established a newly created captain's position, thus creating a vacancy in the captain's position. When Kneblick was promoted to captain, she vacated her existing position as lieutenant. We therefore hold that a vacancy in the lieutenant's position of the FWPD occurred on November 25, 1995, upon Kneblick's promotion to captain.

■ Having determined that a vacancy occurred within the dates that Nyborg ranked first on the lieutenant's eligibility list, we now must determine whether the FWPD should have filled this vacancy by promoting Nyborg to lieutenant. The CSA provides specific procedures for filling a vacancy in a non-entry position that is not appointed by the department head, such as the position of lieutenant in the FWPD.[11] When, as in this case, an eligibility list for the position to be filled exists on the date the vacancy occurs,

> the director [of the Commission], on request by the department head, shall certify to the department head the names of the three persons having the highest grades on that eligibility list. The commission shall certify the names within 10 days after the date the commission is notified of the vacancy.[12]

The Commission submits names from the existing eligibility list to the department head until the vacancy is filled or the list is exhausted.[13] The department head has sixty days from when the vacancy occurs to fill the vacancy by permanent appointment from the eligibility list.[14] The department head must appoint the eligible promotional candidate having the highest grade on the eligibility list, unless the department head has a valid reason for not doing so, in which case the department head must discuss the reason with the person being bypassed and must file the reason in writing with the Commission.[15] Thus, the law is clear that when a vacancy occurs, the person ranked first on the eligibility list must be promoted, unless there is a valid reason for not doing so.[16]

■ The City and the Commission contend the valid reason for not promoting Nyborg is that the lieutenant's position was abolished before Nyborg was entitled to be promoted. As support for this contention, they rely on the following language in the ordinance:

> it is expressly stated that this ordinance serves only to reclassify one Lieutenant's position into a Captain's position. This ordinance shall not operate to increase the total authorized strength of the Police Department and shall not operate to create a vacancy in the Lieutenant's position which is being reclassified. Immediately upon the promotion of a Lieutenant into the newly created Captain's position, said Lieutenant's position shall be considered to be contemporaneously abolished. This intent is expressed so as to negate any expectancy of promotion into a Lieutenant's position upon the promotion of a current Lieu-

---

10. *See City of San Antonio v. Edwards,* 974 S.W.2d 148, 151 (Tex.App.—San Antonio 1998, no pet.); *International Ass'n of Firefighters Local 624 v. City of San Antonio,* 822 S.W.2d 122, 131 (Tex.App.—San Antonio 1991, writ denied).

11. *See* TEX. LOC. GOV'T CODE ANN. § 143.036(a).

12. *Id.* § 143.036(b).

13. *See id.* § 143.036(c).

14. *See id.* § 143.036(e).

15. *See id.* § 143.036(f).

16. *See International Ass'n of Firefighters Local 624,* 822 S.W.2d at 131 (holding that whenever a vacancy occurs, the person next in line on the promotion list has the primary right to fill the vacancy).

tenant into the new Captain's position being created.

The City and the Commission argue that the City Council lawfully eliminated the lieutenant's position in question, that the ordinance is entitled to a presumption of validity, that the law permits the elimination of positions in the absence of any improper motive, and that the City met its burden of pleading and proving its good faith in eliminating the position.

▆▆▆▆ We agree that the law permits the City Council to eliminate civil service positions and that there is a presumption favoring the regularity of official acts.[17] We also agree that a city's actions in abolishing a civil service position are reviewed under a good faith standard.[18] We, however, disagree with the assertion that so long as the City acted in good faith in abolishing the position, the *procedure* it used cannot be challenged. Even if the City is acting in good faith, it is still required to follow the procedure outlined in the CSA for abolishing a civil service position.

The CSA clearly sets forth the proper procedure to be followed when a city abolishes a civil service position:

If a municipality's governing body adopts an ordinance that vacates or abolishes a fire or police department position, the fire fighter or police officer who holds that position shall be demoted to the position immediately below the vacated or abolished position. If one or more positions of equal rank are vacated or abolished, the fire fighters or *police officers who have the least seniority in a position shall be demoted to the position immediately below the vacated or abolished position.* If a fire fighter or police officer is demoted under this subsection without charges being filed against the person for violation of civil service rules, the fire fighter or police officer *shall be placed on a position reinstatement list in order of seniority.* If the vacated or abolished position is filled or re-created within one year after the date it was vacated or abolished, *the position must be filled from the reinstatement list.* Appointments from the reinstatement list shall be made in order of seniority. A person who is not on the list may not be appointed to the position during the one-year period until the reinstatement list is exhausted.[19]

The City and the Commission argue that, because the lieutenant's position was abolished before Nyborg was entitled to be promoted, section 143.085 does not come into play. We disagree. The ordinance states, "[U]pon the promotion of a Lieutenant into the newly created Captain's position, said Lieutenant's position shall be considered to be contemporaneously abolished." The lieutenant's position therefore was not abolished until Kneblick was promoted to captain, at which point Nyborg was entitled to be promoted to lieutenant. Based on the plain language of the ordinance, the lieutenant's position was not abolished *before* Nyborg was entitled to be promoted as the City and the Commission contend.

Our research has not revealed any authority holding that merely because the creation of a new position and the abolishment of an old position occur contemporaneously, a city is not required to follow the CSA abolishment procedure set forth in section 143.085(a). This procedure mandates that when an ordinance abolishes a position, the officer who has the least seniority in that position must be demoted to the position immediately below the abolished position and placed on a reinstatement list. The proper procedure in this case would have been for the FWPD to promote Nyborg to lieutenant, then de-

**17.** *See Moncrief v. Tate,* 593 S.W.2d 312, 313 (Tex.1980).

**18.** *See id.* at 313–14; *International Ass'n of Firefighters Local 624,* 822 S.W.2d at 127.

**19.** Tex. Loc. Gov't Code Ann. § 143.085(a) (emphases added).

mote him back to sergeant, and place him on the lieutenant's reinstatement list. The FWPD did not follow this procedure.

"It is well settled that when a city fails to fill a vacant position in accordance with the Civil Service Act, the officers or firefighters who properly should have obtained such jobs are entitled to retroactive promotion and back pay." [20] When, as in this case, a promotion creates a vacancy, we must look to the effective date of the promotion to determine the date of the vacancy.[21] "A promotion is considered effective as of the last date that the city could lawfully have filled the vacancy; that is, sixty days from the date the vacancy was created." [22]

■ Accordingly, when a city fails to fill a vacancy in compliance with the CSA, the person who should have been promoted is entitled to retroactive promotion and back pay, effective sixty days from the date the vacancy occurred.[23] We have determined that a vacancy occurred in the lieutenant's position on November 25, 1995, upon Kneblick's promotion to captain. If the City had followed the proper CSA abolishment procedure, Nyborg would have been promoted to lieutenant, demoted back to sergeant, and placed on the lieutenant's reinstatement list. Kneblick's December 7, 1995 promotion to acting deputy chief created a vacancy in the captain's position. The subsequent promotion of a lieutenant to fill this vacant captain's position created a vacancy in the lieutenant's position. Nyborg, as the first person on the lieutenant's reinstatement list, then would have been promoted to lieutenant. We therefore conclude that Nyborg is entitled to retroactive promotion to lieutenant and back pay, effective February 5, 1996, sixty days from

December 7, 1995, the date Kneblick was promoted to acting deputy chief.

## CONCLUSION

We hold that a vacancy occurred in the lieutenant's position of the FWPD on November 25, 1995, upon Kneblick's promotion to captain. As the highest ranking sergeant on the lieutenant's eligibility list on the date this vacancy occurred, Nyborg should have been promoted to lieutenant. If the FWPD then wanted to abolish a lieutenant's position, it should have demoted Nyborg, as the lieutenant with the least seniority, back to sergeant and placed him on the lieutenant's reinstatement list. We therefore hold that the trial court was correct in finding that Nyborg is entitled to judgment as a matter of law on his claim that a vacancy arose in the lieutenant classification of the FWPD on November 25, 1995; in setting aside the Commission's decision; in finding that, pursuant to the vacancy created by Kneblick's promotion to captain, Nyborg acquired an equitable property right in that vacated position and a primary right to promotion; and in ordering that Nyborg be promoted to lieutenant, with back pay.

We hold that the trial court was incorrect in ordering that Nyborg's promotion to lieutenant and back pay shall be effective no later than January 23, 1996, sixty days from Kneblick's promotion to captain. We modify the trial court's judgment to order that Nyborg's promotion to lieutenant and back pay shall be effective no later than February 5, 1996, sixty days from December 7, 1995, the date Kneblick was promoted to acting deputy chief. Accordingly, we overrule the City and the Commission's points on appeal and affirm as modified the trial court's grant of summary judgment in favor of Nyborg.

---

**20.** *Lee v. Downey*, 842 S.W.2d 646, 649 (Tex. 1992); *see also International Ass'n of Firefighters Local 624*, 822 S.W.2d at 131 (noting that case law is replete with examples where civil service employees have been provided retroactive promotion and back pay where city violated the CSA).

**21.** *See Edwards*, 974 S.W.2d at 151.

**22.** *Lee*, 842 S.W.2d at 649.

**23.** *See Edwards*, 974 S.W.2d at 151.

458

## NYBORG'S MOTION FOR JUST DAMAGES

Nyborg asks this court to award just damages to him, as the prevailing party, for the City and the Commission's frivolous appeal. Rule 45 of the rules of appellate procedure does authorize this court to award just damages to a prevailing party, if we determine that the appeal is frivolous.[24] Although we have affirmed as modified the trial court's judgment, we do not determine that the appeal is frivolous. Consequently, we deny Nyborg's motion for just damages.

## HOLDING

We overrule the City and the Commission's points on appeal and affirm as modified the trial court's grant of summary judgment in favor of Nyborg. We deny Nyborg's motion for just damages.