

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-13-00460-CV

Chad **THOMPSON**,
Appellant

v.

**CITY OF WACO**, Texas and Fire Chief John D. Johnston,
Appellees

From the 414th Judicial District Court, McLennan County, Texas
Trial Court No. 2012-3519-5
Honorable Vicki Lynn Menard, Judge Presiding

Opinion by:     Patricia O. Alvarez, Justice

Sitting:        Catherine Stone, Chief Justice
                Marialyn Barnard, Justice
                Patricia O. Alvarez, Justice

Delivered and Filed:  May 30, 2014

AFFIRMED

Appellant Chad Thompson is a fire fighter for the City of Waco.  He was promoted to fire station lieutenant, but a few months later was demoted to his previous rank of fire equipment engineer.  After his request to be reinstated as a  fire station lieutenant was denied, Thompson sued the City of Waco and Fire Chief John D. Johnston (collectively the City) asserting that his demotion violated the Fire Fighter and Police Officer Civil Service Act (the Act).  The trial court denied his request, and Thompson appealed.  Because the City complied with the provisions and principles of the Act, we affirm the trial court's judgment.

## BACKGROUND

The parties agree on the essential facts. The City of Waco adopted the Fire Fighter and Police Officer Civil Service Act, and the City is governed by its provisions. *See* TEX. LOC. GOV'T CODE ANN. §§ 143.001–403 (West 2008 & Supp. 2013). By ordinance, the Waco City Council created positions for thirty-five fire station lieutenants.[1] After one of the thirty-five fire station lieutenants was indefinitely suspended, Thompson was promoted from fire equipment engineer to fire station lieutenant.[2] A few months later, when a hearing examiner reinstated the indefinitely suspended fire station lieutenant to his former position, the City demoted Thompson to fire equipment engineer and placed him on the fire station lieutenant reinstatement list. Thompson objected and requested reinstatement. When the City denied Thompson's request, Thompson sued the City in district court. After some discovery, Thompson and the City filed competing traditional motions for summary judgment. The trial court denied Thompson's motion, granted the City's motion, and Thompson appealed.[3]

## STANDARD OF REVIEW

To prevail on a traditional motion for summary judgment, the movant must show "there is no genuine issue as to any material fact and the [movant] is entitled to judgment as a matter of law." TEX. R. CIV. P. 166a(c); *accord Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985). If the facts are not in dispute, we review de novo the questions of law to determine whether the trial court properly determined that the movant was entitled to judgment. *See* TEX. R. CIV. P.

---

[1] CITY OF WACO, TEX., CODE OF ORDINANCES ch. 18, art. III, div. 2, § 18-76 (2012), *available at* https://library.municode.com/index.aspx?clientId=11666&stateId=43&stateName=Texas. The currently authorized number of fire station lieutenants is thirty-seven.

[2] Although Thompson did not immediately replace the indefinitely suspended fire station lieutenant, the intermediate personnel changes are not disputed and do not affect our analysis.

[3] The Texas Supreme Court transferred this case from the Tenth Court of Appeals to this court. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013) (authorizing the Texas Supreme Court to transfer cases). The dispositive question in this appeal seems to be a matter of first impression for the Tenth (and Fourth) Court. *See* TEX. R. APP. P. 41.3.

166a(c); *Nixon*, 690 S.W.2d at 548. "When both sides move for summary judgment and the trial court grants one motion and denies the other, the reviewing court should review both sides' summary judgment evidence[,] . . . determine all questions presented[,] . . . [and] render the judgment that the trial court should have rendered." *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000) (citations omitted); *accord Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009).

**ANALYSIS**

**A.      Thompson's Argument**

Thompson argues that when he was promoted to fire station lieutenant, he filled the last of the thirty-five authorized fire station lieutenant positions. By his arguments, he necessarily asserts the hearing examiner's subsequent reinstatement of a previously indefinitely suspended fire station lieutenant created a thirty-sixth fire station lieutenant position. Thompson insists that, because he had been properly promoted, the fire chief had no authority to demote him because he did not meet any of the three statutory bases for demotion:

- [Disciplinary] Demotions, TEX. LOC. GOV'T CODE ANN. § 143.054;
- Military Leave of Absence, *id.* § 143.072; or
- Force Reduction and Reinstatement List, *id.* § 143.085.

He insists that "the only procedure by which he could be reclassified under the facts of this case was for the Waco City Council to vote on whether to vacate or abolish the 36th position," and because it did not, the trial court erred by not reinstating him to fire station lieutenant and awarding him back pay and benefits.

**B.      Case Overview**

At the outset, we recognize the Act does not expressly address the dispositive question presented in this case: What procedures apply when a hearing examiner reinstates a previously indefinitely suspended fire fighter to a now-filled classified position?

Although the Act does not directly address this question, it nevertheless provides considerable guidance. The Act is clear on what happens when a vacancy occurs. TEX. LOC. GOV'T CODE ANN. § 143.036(a). In this case, after a fire station lieutenant was indefinitely suspended by disciplinary action, the Act required the City to fill the vacant position. *See id.* § 143.036(e). The City filled the position as required, several personnel changes ensued, and ultimately Thompson was promoted to fill a vacant fire station lieutenant position.

Upon Thompson's promotion, all thirty-five fire station lieutenant positions were filled. Subsequently, when the hearing examiner reinstated the suspended fire station lieutenant—who was senior to Thompson—the City could have voted to increase the number of fire station lieutenant positions to thirty-six; it did not. Therefore, the fire chief was left with a predicament: the fire department had thirty-six fire station lieutenants but the ordinance limited the number of authorized positions to thirty-five. The fire chief interpreted the overage as a situation requiring a force reduction, and he followed the force reduction procedures. *See id.* § 143.085(a). To determine whether such an interpretation was appropriate, we review the applicable law.

**C.      Applicable Law**

We begin by reviewing the relevant portions of the Act that expressly apply and those the City argues may be invoked in this circumstance.

Municipalities that adopt the Act must comply with its procedures when promoting and demoting classified personnel. *See id.* § 143.021; *City of Waco v. Kelley*, 309 S.W.3d 536, 539 (Tex. 2010); *City of San Antonio v. Bullock*, 34 S.W.3d 650, 653 (Tex. App.—San Antonio 2000,

pet. denied); *City of Fort Worth v. Nyborg*, 999 S.W.2d 451, 454 (Tex. App.—Fort Worth 1999, pet. denied).

If a classified person—such as a fire fighter—is indefinitely suspended by disciplinary action, the fire fighter may appeal the suspension to a hearing examiner. TEX. LOC. GOV'T CODE ANN. § 143.057; *Kelley*, 309 S.W.3d at 542. For purposes of the hearing, "the hearing examiner has the same duties and powers as the commission." TEX. LOC. GOV'T CODE ANN. § 143.057(f); *Kelley*, 309 S.W.3d at 542. The hearing examiner, like the commission, has the authority to restore a suspended fire fighter "to the person's former position or status in the department's classified service." TEX. LOC. GOV'T CODE ANN. § 143.053(e)(3); *Kelley*, 309 S.W.3d at 542–43.

Should a force reduction become necessary, the Act enumerates specific procedures the municipality must follow:

> If a municipality's governing body adopts an ordinance that vacates or abolishes a fire . . . department position, the fire fighter . . . who holds that position shall be demoted to the position immediately below the vacated or abolished position. . . . If a fire fighter . . . is demoted under this subsection without charges being filed against the person for violation of civil service rules, the fire fighter . . . shall be placed on a position reinstatement list in order of seniority.

TEX. LOC. GOV'T CODE ANN. § 143.085(a); *accord Bullock*, 34 S.W.3d at 658.

Having reviewed the applicable law, we turn to its application.

## D. Application of the Law

The City of Waco is a municipality governed by the Fire Fighter and Police Officer Civil Service Act, *see* TEX. LOC. GOV'T CODE ANN. § 143.001–.403; it is bound by the Act's provisions, *Kelley*, 309 S.W.3d at 539; *Bullock*, 34 S.W.3d at 653. But none of the Act's provisions expressly address Thompson's specific situation. We agree that neither the disciplinary nor military leave of absence demotion provisions apply to Thompson. *See* TEX. LOC. GOV'T CODE ANN. §§ 143.054, .072. But we disagree with Thompson's premise that he is entitled to be reinstated to fire station

lieutenant because only the city council could abolish or vacate his position, and it did not. *Cf. id.* §§ 143.021(a), .085(a).

Reading the statute as a whole, we conclude it reveals the legislature's intent regarding principles that control in this case: the Act allows only the city council, not a hearing examiner, to change the number of classified positions, *see id.* § 143.021(a); *Kelley*, 309 S.W.3d at 542, and when the number of classified personnel exceeds the number of authorized positions, the Act provides procedures that protect civil service personnel according to their seniority, *see* TEX. LOC. GOV'T CODE ANN. § 143.085(a).

### *1. Authority to Create, Abolish Positions*

Shortly after Thompson was promoted to fire station lieutenant, a hearing examiner reinstated a previously indefinitely suspended fire station lieutenant. *See id.* § 143.053(e)(3). Thompson cites no authority to show that the hearing examiner could create a thirty-sixth fire station lieutenant position, and we have found none. *See* TEX. LOC. GOV'T CODE ANN. §§ 143.021(a), .085(a); *cf. Carr v. City of Fort Worth*, 266 S.W.3d 116, 121 (Tex. App.—Fort Worth 2008, pet. denied); *Bullock*, 34 S.W.3d at 653. To the contrary, the legislature has vested only the municipality's governing body—the Waco City Council—with the authority to establish the number of classified positions. *See* TEX. LOC. GOV'T CODE ANN. §§ 143.021(a), .085(a); *Kelley*, 309 S.W.3d at 542 (reiterating a prior holding that "a hearing examiner is not authorized to make rules, but must follow those prescribed by the [l]egislature"); *Carr*, 266 S.W.3d at 121; *Bullock*, 34 S.W.3d at 653; *Nyborg*, 999 S.W.2d at 455. Thompson's view—that a hearing examiner can create an additional position by a reinstatement—is not authorized by the legislature or followed by the courts, and we decline to adopt such an interpretation. *Cf., e.g.*, *Kelley*, 309 S.W.3d at 542. The hearing examiner's reinstatement of the previously suspended fire station lieutenant could not—and did not—create a thirty-sixth fire station lieutenant position. Instead, it

created a condition where the number of fire station lieutenants exceeded the number of authorized positions. The Waco City Council did not increase the number of classified positions. *See* TEX. LOC. GOV'T CODE ANN. § 143.021(a); *Carr*, 266 S.W.3d at 121; *Nyborg*, 999 S.W.2d at 456–57. Thus, given that the number of classified employees then exceeded the number of authorized positions, the fire chief was forced to reduce the number of fire station lieutenants.

### 2. Force Reduction Procedures

Section 143.085 provides procedures the City must use in force reductions. *See* TEX. LOC. GOV'T CODE ANN. § 143.085; *Nyborg*, 999 S.W.2d at 456–57. Subsection (a) contemplates a force reduction resulting from a city ordinance:

> If a municipality's governing body adopts an ordinance that vacates or abolishes a fire . . . department position, the fire fighter . . . who holds that position shall be demoted to the position immediately below the vacated or abolished position. . . . If a fire fighter . . . is demoted under this subsection without charges being filed against the person for violation of civil service rules, the fire fighter . . . shall be placed on a position reinstatement list in order of seniority.

TEX. LOC. GOV'T CODE ANN. § 143.085(a).

Subsection (b) also contemplates a force reduction, but does not expressly mention a reduction invoked by ordinance:

> If a position in the lowest classification is abolished or vacated and a fire fighter . . . must be dismissed from the department, the fire fighter . . . with the least seniority shall be dismissed. If a fire fighter . . . is dismissed under this subsection without charges being filed against the person for violation of civil service rules, the fire fighter . . . shall be placed on a reinstatement list in order of seniority.

*Id.* § 143.085(b).

### 3. Force Reduction Procedures Invoked by Reinstatement

The express triggering event in subsection (a) of the force reduction procedures is an ordinance passed by the municipality's governing body that vacates or abolishes a position. *Id.* § 143.085(a). But based on our reading of the Act, we believe the legislature did not intend to

limit the force reduction protections to only those fire fighters whose positions were vacated or abolished by a city ordinance. The force reduction provision expressly anticipates circumstances in which fire departments must reduce the number of their classified personnel, and it protects fire fighters according to their seniority: the most senior fire fighters are retained in the remaining positions in seniority order, and the most junior fire fighters are demoted or dismissed in reverse order of seniority. *Id.* § 143.085. For positions above the lowest classification, the fire fighter retains employment, but at the position immediately below the former position. *Id.* § 143.085(a).

We hold that the force reduction provision is also invoked when the commission or a hearing examiner restores a previously indefinitely suspended fire fighter to his former position and the number of classified personnel in that position then exceeds the number of authorized positions. This holding comports with the Act's express provisions that (1) restrict classified position creation and abolition authority to the city council, *see id.* § 143.021(a); *Kelley*, 309 S.W.3d at 542, and (2) protect necessarily demoted fire fighters according to their seniority, TEX. LOC. GOV'T CODE ANN. § 143.085.

### 4. *Procedures Applicable to Thompson*

The Act's plain language provides procedures the City must follow for a force reduction, and we hold that those provisions apply to Thompson under these unusual facts. *See* TEX. LOC. GOV'T CODE ANN. § 143.085(a); *Carr*, 266 S.W.3d at 124 n.6; *Nyborg*, 999 S.W.2d at 456–57; *City of San Antonio v. Wiley*, 252 S.W.2d 471, 473 (Tex. Civ. App.—San Antonio 1952, writ ref'd n.r.e.). When the previously indefinitely suspended fire fighter was reinstated, and because Thompson was the most junior fire station lieutenant, the City followed the procedures required by the Act: Thompson was demoted to his immediately previous position of fire equipment

engineer, and he was placed on the fire station lieutenant reinstatement list.[4]  *See* TEX. LOC. GOV'T CODE ANN. § 143.085(a); *Carr*, 266 S.W.3d at 124 n.6; *Nyborg*, 999 S.W.2d at 456–57.  He received the protections prescribed by the legislature for a classified employee when the number of classified persons exceeds the number of authorized classified positions.  *See* TEX. LOC. GOV'T CODE ANN. § 143.085(a); *Carr*, 266 S.W.3d at 124 n.6; *Nyborg*, 999 S.W.2d at 456–57.

We conclude the City complied with the Act and afforded Thompson the statutorily required protections.

## CONCLUSION

Although the Act does not expressly address Thompson's specific circumstances, we conclude that it provides the necessary guidance to decide this matter.  When the hearing examiner reinstated the indefinitely suspended fire station lieutenant, the number of fire station lieutenants exceeded the authorized number of fire station lieutenant positions.  Because the Waco City Council did not increase the number of authorized fire station lieutenant positions, the fire chief was required to reduce the number of fire station lieutenants.

As we have held herein, the force reduction provisions extend to this circumstance—where a previously indefinitely suspended fire fighter is reinstated, the number of classified personnel in that position exceeds the authorized number, and the complainant is the least senior person in the position.  Because the City provided Thompson with the protections afforded by the Act for force reductions, the trial court properly denied Thompson's motion and granted the City's motion.

We affirm the trial court's judgment.

Patricia O. Alvarez, Justice

---

[4] *See Jackson v. City of Texas City*, 265 S.W.3d 640, 649 n.6 (Tex. App.—Houston [1st Dist.] 2008, pet. denied) (quoting *City of Amarillo v. Hancock*, 239 S.W.2d 788, 792 (Tex. 1951)) (noting that a classified person promoted to a position does not acquire a property interest in retaining the position merely by having been properly promoted).