

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-17-00563-CV

Fire Chief Charles **HOOD**, in His Official Capacity Only,
Appellant

v.

Fernando **MUNOZ** and Edward Chacon,
Appellees

From the 224th Judicial District Court, Bexar County, Texas
Trial Court No. 2015CI16293
Honorable Norma Gonzales, Judge Presiding

Opinion by:     Marialyn Barnard, Justice

Sitting:        Sandee Bryan Marion, Chief Justice
                Marialyn Barnard, Justice
                Patricia O. Alvarez, Justice

Delivered and Filed: December 5, 2018

REVERSED AND RENDERED

Fire Chief Charles Hood appeals a judgment entered in favor of appellees Fernando Munoz and Edward Chacon declaring that Chief Hood violated Chapter 143 of the Texas Local Government Code in filling vacancies created by the retirements of Antonio Valencia, Lino Vallejo, and Richard Alva. Chief Hood presents three issues on appeal asserting: (1) the vacancies created by the retirements of Valencia, Vallejo, and Alva did not occur until August 1, 2015 as a matter of law; (2) the evidence is legally insufficient to support the trial court's finding that the

vacancies occurred on July 31, 2015; and (3) the trial court awarded impermissible relief. Because we sustain Chief Hood's first issue, we do not address his other issues. *See* TEX. R. APP. P. 47.1.

## BACKGROUND

Valencia, Vallejo and Alva all retired on July 31, 2015. Chief Hood filled the vacancies created by their retirements from the promotional list effective on August 1, 2015. The three fire fighters who would have been eligible to fill the vacancies from the promotional list effective on July 31, 2015, sued seeking a declaration that Chief Hood violated Chapter 143 of the Local Government Code by utilizing the August 1, 2015 promotional list to fill the vacancies. One of the fire fighters subsequently nonsuited his claims, leaving Munoz and Chacon as the only remaining plaintiffs.

After a bench trial, the trial court signed a judgment declaring that Chief Hood violated Chapter 143 by using the August 1, 2015 promotional list. The trial court's judgment ordered Munoz and Chacon retroactively promoted and awarded them back salary and benefits. Chief Hood appeals.

## DISCUSSION

Chapter 143 of the Local Government Code sets forth the procedures governing promotions at the San Antonio Fire Department. Section 143.036(a) defines when a vacancy occurs for purposes of making promotional appointments and provides:

> A vacancy in a fire fighter position described by this subsection occurs on the date the position is vacated by: (1) resignation; (2) retirement; (3) death; (4) promotion; or (5) issuance of an indefinite suspension in accordance with Section 143.052(b).

TEX. LOC. GOV'T CODE ANN. § 143.036(a).

Determining the date a position is vacated by retirement for purposes of section 143.036(a) is an issue of statutory construction. Statutory construction is a legal question that we review de novo. *Melden & Hunt, Inc. v. E. Rio Hondo Water Supply Corp.*, 520 S.W.3d 887, 893 (Tex.

2017). "When statutory text is clear, we do not resort to rules of construction or extrinsic aids to construe the text because the truest measure of what the Legislature intended is what it enacted." *Id*. "We also typically give statutory terms their ordinary or common meaning unless context or a supplied definition indicates that a different meaning was intended." *Id*. The word "vacate" is defined as "[t]o surrender occupancy or possession." *Vacate*, BLACK'S LAW DICTIONARY (8th ed. 2004).

In *Carr v. City of Fort Worth*, the Fort Worth court considered when a vacancy occurred as the result of an indefinite suspension. 266 S.W.3d 116 (Tex. App.—Fort Worth 2008, pet. denied). In that case, the fire chief gave a fire engineer notice that she was being indefinitely suspended without pay. *Id*. at 119. "The letter stated that the suspension would take effect on February 15, 2002 at 0800 hours." *Id*. The Fort Worth court held a vacancy was created on February 15, 2002, because "[a]t 0800 hours on February 15, 2002, Dawson did not have a job with the fire department." *Id*. at 122-23.

Similarly, in *Gibson v. Barbe*, 907 S.W.2d 646, 648-49 (Tex. App.—San Antonio 1995, writ denied), this court held a vacancy was created when a police officer was disqualified from further service upon the entry of a judgment on a felony conviction. Because the officer was permanently disqualified from further service on the date the judgment was entered, he no longer had a job as a police officer. *See id*.

In this case, it is undisputed that Valencia, Vallejo and Alva retired on July 31, 2015. The evidence presented at trial established Valencia, Vallejo and Alva still occupied their positions on their retirement date. They were subject to all rules and regulations applicable to employees on that date and remained on the payroll and eligible for all employee benefits through that date. Accordingly, they did not surrender occupancy of their positions until August 1, 2015, because that was the date on which they "did not have a job with the fire department." *Carr*, 266 S.W.3d

at 122. Therefore, we sustain Chief Hood's first issue and hold Chief Hood did not violate Chapter 143 by using the August 1, 2015 promotional list to fill the vacancies created by the retirements of Valencia, Vallejo and Alva.

## CONCLUSION

The trial court's judgment is reversed and judgment is rendered that Chief Hood did not violate Chapter 143 in filling the vacancies created on August 1, 2015, by the retirements of Valencia, Vallejo and Alva.

Marialyn Barnard, Justice